IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KERRY MAX COOK | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | NO. 6:17cv00333-RWS |
| | § | JUDGE SCHROEDER |
| CITY OF TYLER, TEXAS, ET AL. | § | |
|     *Defendants* | § | |

## ANSWER OF DEFENDANTS CITY OF TYLER ET AL.

Defendants, City of Tyler, Texas, Eddie Clark, Eric Liptak, Robert Bond, Gerald Hayden, Nelson Downing, Fred Mayo, Kenneth Findley, Ronald Scott, and Jimmy Toler, Chief of Police for the City of Tyler, file this Answer in response to the Complaint filed by Plaintiff, Kerry Max Cook (the "Complaint"). The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.

1.    Defendants deny the allegations in paragraph 1 of the Complaint, except Defendants admit Linda Joe Edwards was murdered in Tyler, Texas in 1977.

2.    Defendants deny the allegations in paragraph 2 of the Complaint.

3.    Defendants deny the allegations in paragraph 3 of the Complaint.

4.    Defendants deny the allegations in paragraph 4 of the Complaint, except Defendants admit that James Mayfield was never prosecuted or convicted.

5.    Defendants deny the allegations in paragraph 5 of the Complaint.

6.    Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint, except Defendants admit that Plaintiff spent more than 20 years in prison.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint, except Defendants admit that the Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §1331. Governmental immunity bars all of Plaintiff's state law claims; consequently, the Court does not have jurisdiction over such claims. *See Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 451 (Tex. 2016) ("immunity from suit implicates courts' subject-matter jurisdiction").

12. Defendants deny the allegations in paragraph 12 of the Complaint, except that venue is proper under 28 U.S.C. §1391(b).

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint, except Defendants admit that Defendants Eddie Clark, Erik Liptak, Robert Bond, Gerald Hayden, Nelson Downing, Fred Mayo, Kenneth Findley, and Ronald Scott are former officers of the City of Tyler Police Department.

15. Defendants deny the allegations in paragraph 15 of the Complaint, except Defendants admit that Defendant Douglas Collard was a former officer of the City of Tyler Police Department and is deceased.

16. Defendants deny the allegations in paragraph 16 of the Complaint, except Defendants admit that Defendant Ronnie Malloch was a former Chief of the Tyler Police Department and is deceased.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint, except Defendants admit that Defendant Stuart Dowell was a former Texas Ranger and is deceased.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint, except Defendants admit that Defendant J.B. Smith is a former Sheriff of Smith County.

21. Defendants deny the allegations in paragraph 21 of the Complaint, except Defendants admit that Defendant Gene Carlson was a former employee and/or agent of Smith County and is deceased.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint, except Defendants admit that Defendant Jimmy Toler is the current Chief of Police for the City of Tyler Police Department.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except Defendants admit that Defendant Larry Smith is the current Smith County Sheriff.

25. Defendants deny the allegations in paragraph 25 of the Complaint, except Defendants admit that Defendant City of Tyler is a Texas municipal corporation, which previously employed Defendants Clark, Liptak, Collard, Bond, Hayden, Downing, Mayo, Findley, Scott and Malloch.

26. Defendants deny the allegations in paragraph 26 of the Complaint, except Defendants admit that Defendant Smith County is a county of the State of Texas and that its county seat is Tyler, Texas.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants admit the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint, except Defendants admit that the murderer went into the apartment and murdered Edwards.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint, except Defendants admit that the next morning, Paula Rudolph found the patio door open, went into Edwards' room, and found Edwards dead.

33. Defendants deny the allegations in paragraph 33 of the Complaint, except Defendants admit that law enforcement officers from the Tyler Police Department and other law enforcement agencies investigated the crime.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint, except Defendants admit that at the time of the murder, Plaintiff was 21 years old.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. Defendants deny the allegations in paragraph 87 of the Complaint.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants deny the allegations in paragraph 99 of the Complaint.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants deny the allegations in paragraph 101 of the Complaint.

102. Defendants deny the allegations in paragraph 102 of the Complaint.

103. Defendants deny the allegations in paragraph 103 of the Complaint.

104. Defendants deny the allegations in paragraph 104 of the Complaint.

105. Defendants deny the allegations in paragraph 105 of the Complaint.

106. Defendants deny the allegations in paragraph 106 of the Complaint.

107. Defendants deny the allegations in paragraph 107 of the Complaint.

108. Defendants deny the allegations in paragraph 108 of the Complaint.

109. Defendants deny the allegations in paragraph 109 of the Complaint.

110. Defendants deny the allegations in paragraph 110 of the Complaint.

111. Defendants deny the allegations in paragraph 111 of the Complaint.

112. Defendants deny the allegations in paragraph 112 of the Complaint.

113. Defendants deny the allegations in paragraph 113 of the Complaint.

114. Defendants deny the allegations in paragraph 114 of the Complaint.

115. Defendants deny the allegations in paragraph 115 of the Complaint.

116. Defendants deny the allegations in paragraph 116 of the Complaint.

117. Defendants deny the allegations in paragraph 117 of the Complaint.

118. Defendants deny the allegations in paragraph 118 of the Complaint.

119. Defendants deny the allegations in paragraph 119 of the Complaint.

120. Defendants deny the allegations in paragraph 120 of the Complaint.

121. Defendants deny the allegations in paragraph 121 of the Complaint.

122. Defendants deny the allegations in paragraph 122 of the Complaint.

123. Defendants deny the allegations in paragraph 123 of the Complaint.

124. Defendants deny the allegations in paragraph 124 of the Complaint.

125. Defendants deny the allegations in paragraph 125 of the Complaint.

126. Defendants deny the allegations in paragraph 126 of the Complaint.

127. Defendants deny the allegations in paragraph 127 of the Complaint.

128. Defendants deny the allegations in paragraph 128 of the Complaint.

129. Defendants deny the allegations in paragraph 129 of the Complaint.

130. Defendants deny the allegations in paragraph 130 of the Complaint.

131. Defendants deny the allegations in paragraph 131 of the Complaint.

132. Defendants deny the allegations in paragraph 132 of the Complaint.

133. Defendants deny the allegations in paragraph 133 of the Complaint.

134. Defendants deny the allegations in paragraph 134 of the Complaint.

135. Defendants deny the allegations in paragraph 135 of the Complaint.

136. Defendants deny the allegations in paragraph 136 of the Complaint.

137. Defendants deny the allegations in paragraph 137 of the Complaint.

138. Defendants deny the allegations in paragraph 138 of the Complaint.

139. Defendants deny the allegations in paragraph 139 of the Complaint.

140. Defendants deny the allegations in paragraph 140 of the Complaint.

141. Defendants deny the allegations in paragraph 141 of the Complaint.

142. Defendants deny the allegations in paragraph 142 of the Complaint.

143. Defendants deny the allegations in paragraph 143 of the Complaint.

144. Defendants deny the allegations in paragraph 144 of the Complaint.

145. Defendants deny the allegations in paragraph 145 of the Complaint.

146. Defendants deny the allegations in paragraph 146 of the Complaint.

147. Defendants deny the allegations in paragraph 147 of the Complaint.

148. Defendants deny the allegations in paragraph 148 of the Complaint.

149. Defendants deny the allegations in paragraph 149 of the Complaint.

150. Defendants deny the allegations in paragraph 150 of the Complaint.

151. Defendants deny the allegations in paragraph 151 of the Complaint.

152. Defendants deny the allegations in paragraph 152 of the Complaint.

153. Defendants deny the allegations in paragraph 153 of the Complaint.

154. Defendants deny the allegations in paragraph 154 of the Complaint.

155. As to Plaintiff's federal law claims, Defendants, Eddie Clark, Eric Liptak, Robert Bond, Gerald Hayden, Nelson Downing, Fred Mayo, Kenneth Findley, Ronald Scott, and Jimmy Toler are entitled to qualified immunity. *See, e.g. Skinner v. Gragg*, 650 Fed. Appx. 214, 218 (5th Cir. 2016). Discovery should not be allowed or should be narrowly limited in this case until the Court determines the issue of qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The "district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense," but the "district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id.* A "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains unable to rule on the immunity defense without

further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* Defendants request the Court to determine whether Plaintiff has satisfied these requirements for overcoming their qualified immunity before allowing any discovery in this case.

156. To the extent *Heck v. Humphrey*, 114 S. Ct. 2364 (1994), applies to Plaintiff's federal claims, it bars such claims because Plaintiff's conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ...." *Id.* at 2372. The Texas Court of Criminal Appeals has not issued a final order in Case No. 1-77-179-A on Plaintiff's Amended Application for Writ of Habeas Corpus.

157. As to Plaintiff's state law claims, governmental immunity bars Plaintiffs' claims in whole or in part. TEX. CIV. PRAC. & REM. CODE §101.021, *et seq*. Governmental immunity protects governmental employees to the same extent as it protects their governmental employer. Absent a waiver of such immunity, a plaintiff cannot pursue a lawsuit based upon state-law claims against the governmental entity or its employees. *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011). A governmental employee acting within the scope of employment is immune from tort liability, regardless of whether the employee is sued in his official capacity or in his individual capacity. *Id.* at 384-385. *See also Montgomery v. Bataille*, 2012 WL 3544867 (E.D. Tex. 2012).

158. In the alternative, as to Plaintiff's state law claims, official immunity protects Defendants, Eddie Clark, Eric Liptak, Robert Bond, Gerald Hayden, Nelson Downing, Fred Mayo, Kenneth Findley, Ronald Scott, and Jimmy Toler, from this suit because it arises from the performance of their discretionary duties in good faith and they were acting within the scope of their authority. *Rockwell v. Brown*, 664 F.3d 985, 993 (5th Cir. 2011).

159. As to Plaintiff's state law claims, Defendants are not liable for actual damages to Plaintiff. In the alternative, Defendants' liability for damages cannot exceed the maximum limits provided by law. TEX. CIV. PRAC. & REM. CODE §101.023. In the alternative, any award of damages is subject to the maximum damages that may be awarded and requirements for the claims in question pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 41. Defendants are not liable for exemplary damages to Plaintiff. TEX. CIV. PRAC. & REM. CODE §101.024. In the alternative, any claim for exemplary damages is limited as provided by TEX. CIV. PRAC. & REM. CODE §41.001, *et seq*.

160. Res judicata or collateral estoppel bars Plaintiff's claims in whole or in part. Courts have previously adjudicated Plaintiff's claims in the following proceedings:

> *State of Texas v. Kerry Max Cook*, Cause No. 92-2506-C, in the 241st District Court, Smith County, Texas.
> 
> *Cook v. State*, 940 S.W.2d 623 (Tex. Crim. App. 1996).
> 
> *State of Texas v. Kerry Max Cook*, Cause No. 1-77-179, in the 241st District Court, Smith County, Texas.
> 
> *Kerry Max Cook v. Robert Jones, Judge, et al.*, Case No. 6:99-cv-15, in the United States District Court for the Eastern District of Texas, Tyler Division.

161. The two-year statute of limitations bars Plaintiff's claims in whole or in part. *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991); TEX. CIV. PRAC. & REM. CODE §16.003.

162. Defendants request a trial by jury.

WHEREFORE, Defendants request that Plaintiff take nothing by this action and request an award of the general and special relief that Defendants are entitled to receive.

Respectfully submitted,

M. KEITH DOLLAHITE, P.C.
5457 Donnybrook Avenue
Tyler, Texas  75703
(903) 581-2110
(903) 581-2113  (Facsimile)
keith@mkdlaw.us

*/s/ Keith Dollahite*
By:_____
M. Keith Dollahite
State Bar No. 05958550

## CERTIFICATE OF SERVICE

The foregoing document was filed and served electronically in compliance with Local Rule CV-5(a) via the Court's CM/ECF system on July 21, 2017.

*/s/ Keith Dollahite*
_____
