## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

KERRY MAX COOK,

                Plaintiff,

v.

CITY OF TYLER, TEXAS, SMITH
COUNTY, TEXAS, EDDIE CLARK, ERIC
LIPTAK, DOUGLAS COLLARD,
ROBERT BOND, GERALD HAYDEN,
NELSON DOWNING, FRED MAYO,
KENNETH FINDLEY, RONALD SCOTT,
RONNIE MALLOCH, MARVIN T.
MCLEROY, STUART DOWELL,
ROBERT WICKHAM, JAKE MASSEY,
J.B. SMITH, GENE CARLSON, JIMMY
TOLER, LARRY SMITH, UNKNOWN
TYLER POLICE OFFICERS,
UNKNOWN SMITH COUNTY
SHERIFF'S DEPUTIES,

                Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO.  6:17-CV-00333-RWS

## <u>ORDER</u>

Before the Court is Defendant J.B. Smith's Motion to Dismiss or, in the Alternative,

Motion for a More Definite Statement or, in the Alternative Request for a Rule 7(a) Reply on the

Issue of Qualified Immunity (Docket No. 8); Defendant Robert Wickham's[1] Motion to Dismiss

or, in the Alternative, Motion for a More Definite Statement or, in the Alternative Request for a

Rule 7(a) Reply on the Issue of Qualified Immunity (Docket No. 12); and Defendant Marvin

---

[1] Defendant Wickham's motion to dismiss was filed on July 26, 2017.  On October 31, 2017, the Court held a scheduling conference in this case, and granted the Defendants' request to file initial motions for summary judgment on threshold dispositive issues before setting this case on a schedule.  Thereafter, Defendant Wickham filed a motion for summary judgment (Docket No. 63), on which the Court also heard argument on March 7, 2018.  The Court does not address the motion for summary judgment at this time.

McLeroy's Motion to Dismiss Pursuant to Fed R. Civ. P. 12(b)(6) (Docket No. 38).  The Court

held a hearing on the motions on March 7, 2018.  Having considered the parties' arguments and

applicable law, and for the reasons explained below, the Court **DENIES** J.B. Smith's motion in its

entirety (Docket No. 8), **GRANTS-IN-PART** and **DENIES-IN-PART WITHOUT**

**PREJUDICE TO RE-FILING** Robert Wickham's motion (Docket 12) and **DENIES**

**WITHOUT PREJUIDCE TO RE-FILING** Marvin McLeroy's motion (Docket No. 38).

## BACKGROUND

Plaintiff Kerry Max Cook alleges he was wrongfully prosecuted, convicted, imprisoned,

and sentenced to death for the 1977 murder of Linda Jo Edwards in Tyler, Texas.  Compl. ¶ 1.

Cook alleges that he was convicted on the basis of a homosexual witch-hunt by the Defendants,

during which obvious evidence pointing to the victim's married, 45-year-old ex-lover, James

Mayfield, was actively and systemically disregarded, downplayed, and concealed.  *Id*. ¶ 2.

Plaintiff claims that in an attempt to ensure his conviction, the current and former law enforcement

Defendants manufactured a deliberately false fingerprint analysis, coerced false statements and

testimony from various witnesses, created knowingly and recklessly false investigative materials,

concealed crucial exculpatory evidence and fabricated inculpatory evidence.  *Id*. ¶¶ 5, 6.  As a

result of Defendants' misconduct, Plaintiff alleges, he spent more than 20 years in prison.  *Id*. ¶ 7.

Plaintiff was ultimately tried three times and was awaiting a fourth trial when he entered a no-

contest plea agreement in 1999 and was sentenced to 20 years in prison, with time served.

In 2016, James Mayfield admitted for the first time that he had sex with the victim the day

before her murder, and that he had given false and perjurous trial testimony leading to Plaintiff's

conviction.  *Id*. at ¶8.  On June 6, 2016, Plaintiff's conviction was vacated by a Texas court, with

agreement from the Smith County District Attorney's Office, acknowledging that the evidence against Plaintiff was lacking and that his due process rights had been violated.  *Id.* ¶ 8.

Plaintiff filed this suit on June 5, 2017, alleging, among a number of claims, due process violations under §1983 and the Fourteenth Amendment, malicious prosecution, illegal detention, destruction of evidence, *Monell* liability claims against the City of Tyler and Smith County, a conspiracy to deprive constitutional rights, and a failure to intervene by the Defendants to prevent the violation of his constitutional rights.  Compl. at 22–29.

Defendants J.B. Smith, Robert Wickham and Marvin McLeroy subsequently filed the instant motions to dismiss.

## LEGAL STANDARD

"A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is "plausible on its face" when the plaintiff " 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Iqbal*, 556 U.S. at 678. The standard of plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant[s] ha[ve] acted unlawfully." *Id*. at 678–79.  "Where a complaint pleads facts that are 'merely consistent with' [defendants'] liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *PSKS, Inc. v. Leegin Creative Leather Prods.,*

*Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (quoting *Iqbal* at 678).  In such a case, a claim will not survive an attack under Rule 12(b)(6).

Nonetheless, "a motion to dismiss under Rule 12(b)(6) 'is viewed with disfavor and is rarely granted.' " *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011); *accord Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The Court may not dismiss a complaint based solely on its supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. 563 n.8.

## DISCUSSION

The Defendants' motions to dismiss assert substantially similar arguments: (1) that Plaintiff's complaint lacks well-pleaded allegations as to specific conduct or acts committed by each Defendant; and (2) that Defendants are entitled to qualified immunity.  The Court addresses each in turn.

### 1.  Claims against Individual Defendants

Plaintiff's Complaint is not lacking in substance or factual allegations.  Plaintiff details in over 150 paragraphs the alleged misconduct and violation of constitutional rights that ultimately resulted in his wrongful conviction and 20 years of imprisonment.  The issue raised here by Defendants J.B. Smith,[2] Wickham and McLeroy is that Plaintiff has not sufficiently identified in

---

[2] Defendant J.B. Smith also argues that, to the extent Plaintiff seeks to hold Defendant J.B. Smith liable under a theory of *respondeat superior* supervisory liability, the claims against him should be dismissed.  Docket No. 8 at 5.  Plaintiff clarifies in his response that he is not relying on a *respondeat superior* theory to hold Defendant J.B. Smith liable solely due to the actions of his subordinates, but rather is claiming that J.B. Smith himself violated Plaintiff's constitutional rights because, as the Sheriff and supervisor, he knew of the police misconduct and fabrication of evidence, "intentionally ignored and approved it" and failed to intervene.  Docket No. 46 at 12–13.

his Complaint individual conduct attributable to each Defendant.  *See* Docket No. 8 at 5; Docket No. 12 at 5; Docket No. 38 at 3.

Plaintiff responds that, where his knowledge permits, he has addressed the Defendants by name, and that the other facts pleaded detail the actions of the "Police Defendants," a group that expressly includes each of the moving Defendants.  Docket No. 46 at 10.  Plaintiff further contends that the Fifth Circuit does not require a plaintiff "to plead facts peculiarly within the knowledge of the defendants."  *Id*. (citing *Morgan v. Hubert*, 335 F. App'x 466, 472 (5th Cir. 2009)).  Moreover, Plaintiff argues that district courts routinely permit well-pleaded allegations of misconduct to proceed, even absent specific allegations as to which defendant officer committed which act.  *Id*. at 11 (citing *Crisp v. Dutton*, No. A-15-cv-0431-LY-ML, 2015 WL 7076483, at *9 (W.D. Tex. Nov. 12, 2015) (concluding that at the 12(b)(6) stage of analysis "the threshold pleading required of a plaintiff suing multiple officers for the same event is not identification of which [d]efendant did what, but identification of actions that should reasonably have been understood as a violation of [the] [p]laintiff's rights under federal law."); *Huff v. Refugio Cty. Sheriff's Dep't*, No. 6:13-cv-00032, 2013 WL 5574901, at *3 (S.D. Tex. Oct. 9, 2013); *Jenkins v. Lee*, No. CIV. A. 98-2367, 1999 WL 97931, at * 5 (E.D. La. Feb. 17, 1999)).  Plaintiff also argues that, having alleged the Defendants acted "individually, jointly, and in conspiracy with one another" to frame Plaintiff, Defendants J.B Smith, Wickham, and McLeroy can be liable for each substantive violation of Plaintiff's rights, as alleged in Counts I, II, III and IV, so long as each participated in the conspiracy.  *Id*. at 12 (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (recognizing a § 1983 conspiracy liability theory)).

As to Defendants Smith and Wickham, Plaintiff asserts that he has adequately pleaded his claims as required by the Federal Rules.  Plaintiff states that he has sufficiently alleged that

Defendant Smith was Sheriff of Smith County at the time and supervised the investigation, had full knowledge of the police misconduct and fabrication of evidence, approved it, and set out to ensure Plaintiff's conviction. *Id*. at 9 (citing Compl. ¶¶ 19-20, 80).

With respect to Defendant Wickham, Plaintiff argues that he has sufficiently pleaded that Wickham was "involved in conducting the Edwards murder investigation," Compl. ¶ 19, and that Defendant Wickham was involved in making-up confessions by Plaintiff. Docket No. 46 at 9 (citing to Compl. ¶¶ 73–76, 78). Moreover, at the hearing, Plaintiff's counsel argued that Paragraphs 19, 73, 75, and 79 of the Complaint specifically relate to Defendant Wickham's conduct of fabricating a confession from Plaintiff during the 1991 trial. *See also* Compl. ¶ 73 ("Some of these individuals gave false statements and testified that Plaintiff had suggested and even confessed to them that he had been involved in the crime, when, in fact, no such conversations ever took place."). Plaintiff further cites to a number of specific allegations of misconduct in the Complaint against the Police Defendants, which include Defendants Smith and Wickham. Docket No. 46 at 9.

As to Defendant Marvin McLeroy, Plaintiff claims he has sufficiently pleaded that McLeroy is "a former officer of the Texas Department of Public Safety involved in conducting polygraph tests related to the Edwards murder investigation." Docket No. 46 at 10 (citing Compl. ¶ 17). Plaintiff states that the Police Defendants, which includes Defendant McLeroy, "administered a polygraph examination on Smith, which he failed when asked the question 'Do you know who killed Linda Jo Edwards?' " and that "the Police Defendants concealed this evidence." *Id*. (citing Compl. ¶ 63). Plaintiff further alleges that the Police Defendants suppressed initial polygraph tests that a jail inmate, Edward "Shyster" Jackson, failed, and then drugged Jackson with valium so that he would pass a third polygraph test. *Id*. (citing Compl. ¶ 74).

Defendants did not file a reply brief, address any of the authority cited by Plaintiff, or further develop their argument that the claims against Defendants Smith, Wickham, and McLeroy are insufficient.  At the hearing, counsel for Defendant J.B. Smith did argue that J.B. Smith was not involved in the investigation, and that Smith County Sheriff Department's involvement was limited to holding Plaintiff in jail.  Though Defendant J.B. Smith essentially argues that Plaintiff's allegations are factually incorrect, the Fifth Circuit has explained that "whereas a motion to dismiss challenges a complaint's legal sufficiency, a post-discovery motion for summary judgment evaluates whether a genuine issue of material fact remains after considering both sides' proffered evidence."  *Rader v. Cowart*, 543 F. App'x 358 (5th Cir. 2013).

Here, the claims brought against the Defendants are not limited in time or location, like claims of excessive force, wrongful arrest or wrongful imprisonment, *see, e.g.*, *Bias v. Lundy*, 188 F. App'x 248, 249–50 (5th Cir. 2006) (vacating the grant of qualified immunity as to two officers who were alleged to have attacked the plaintiff, but affirming as to four officers where the plaintiff presented no evidence of their involvement in the use of excessive force), nor are the claims of the type that typically result in dismissal when individual policymakers are named as defendants without any allegation about their specific role in formulating or promulgating the policy, *see, e.g.*, *Stevens v. Hayes,* 2012 WL 2572790, at *13 (W.D. Tex. July 2, 2012); *Woods v. Director's Review Comm.*, 2012 WL 1098365, at *3 (S.D. Tex. Mar. 30, 2012).   Rather, Cook has brought claims of malicious prosecution, due process violations, fabrication, withholding and destruction of evidence, coercion of witnesses, conspiracy, and failure to intervene, alleging that all of the Police Defendants, including, specifically, Defendants Smith, Wickham, and McLeroy, conspired and worked together over the course of 20 years to frame Plaintiff for the murder.

Under the Fifth Circuit's precedent in *Schultea v. Wood*, 47 F.3d 1427 (1995), clarified again more recently in *Anderson v. Valdez*, 845 F.3d 580, 589–590 (5th Cir. 2016), Plaintiff's claims against Defendants Smith, Wickham and McLeroy are not subject to a heightened pleading standard simply because the Defendants have invoked qualified immunity. "We explained in *Schultea* that when, as here, a qualified immunity defense is asserted in an answer or motion to dismiss, 'the district court must'—as always—do no more than determine whether the plaintiff has 'file[d] a short and plain statement of his complaint, a statement that rests on more than conclusions alone.' " *Anderson*, 845 F.3d at 590. "In doing so, we expressly required the district court to apply 'Rule 8(a)(2)'s short and plain standard' to the complaint." *Id*. (internal quotations omitted).

Applying the Rule 8 standards to the Complaint, in view of the types of claims and specificity of misconduct and constitutional violations alleged against Defendant J.B. Smith, and assuming Plaintiff's well-pleaded factual allegations to be true, the Court finds that Plaintiff has sufficiently pleaded facts to state a claim for relief against Defendant J.B. Smith.

Cook has sufficiently pleaded that J.B. Smith was "involved in supervising the Edwards murder investigation" on behalf of the Smith County Sheriff's Office (Compl. ¶ 20), and that the supervisors of the Police Defendants (which includes J.B. Smith) "knew full well of the Police Defendants' misconduct and their fabrication of a case against Plaintiff." Compl. ¶ 80. These supervisors nevertheless intentionally ignored and approved the Police Defendants' misconduct, and decided to make Plaintiff responsible for a crime he did not commit, rather than directing the officers to go out and find the person who had raped and killed Linda Jo Edwards." *Id*. Plaintiff has also sufficiently alleged that there were other Smith County Sheriff's Office employees or agents involved in the murder investigation, including Defendant Robert Wickham, Defendant Jake Massey and Defendant Gene Carlson, whom J.B. Smith supervised as the Smith County

Sheriff, and that J.B. Smith failed to intervene to prevent the violation of Plaintiff's rights by the co-Defendants.

Accordingly, the Court **DENIES** J.B Smith's motion to dismiss (Docket No. 8) for failure to plead a claim against him with sufficient particularity. The Court addresses J.B. Smith's assertion of qualified immunity in the following section.

However, as to Defendants Wickham and McLeroy, the Court finds that Plaintiff must plead his allegations with further specificity against these two Defendants.  When viewing the Complaint, Plaintiff's response brief and oral arguments as a whole, it is clear that Cook has specific complaints against Defendant Wickham of fabricating a confession (Compl. ¶¶ 73–76, 78) and against Defendant McLeroy as to the polygraph test administration (Compl. ¶ 63, 74).  Out of fairness, the Court recognizes that on the face of the Complaint itself, these allegations are difficult to glean without considering Plaintiff's response brief and oral argument.  As the Court's review of a 12(b)(6) motion is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint, *see Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010), the Court believes, even in light of Rule 8's liberal pleading requirements, and given the serious nature of Plaintiff's claims, that a more definite statement is warranted.

The Fifth Circuit noted in *Anderson* that after applying the general Rule 8(a)(2) pleading standard to the complaint, "the court *may [then], in its discretion*, insist that a plaintiff file a reply tailored to [the defendant's] answer [or motion to dismiss] pleading the defense of qualified immunity."  *Anderson v. Valdez*, 845 F.3d at 590 (emphasis in original) (internal quotation marks omitted).

Accordingly, Defendant Wickham's (Docket No. 12) motion is **GRANTED-IN-PART** as to a request for a more definite statement, and **DENIED-IN-PART WITHOUT PREJUDICE TO RE-FILING** the motion on all other grounds.  Defendant McLeroy has not moved for a more definite statement in the alternative.  The Court, therefore, **DENIES WITHOUT PREJUDICE TO RE-FILING** Defendant McLeroy's motion in its entirety (Docket No. 38).

Plaintiff Cook is **ORDERED** to re-plead his allegations in the Complaint with additional specificity as to Defendants Wickham and McLeroy, no later than **fourteen (14) days** from the date of this Order.

The Court, additionally, *sua sponte* grants Defendants Wickham and McLeroy leave to re-urge their motions and assertions of qualified immunity, within **fourteen (14) days** from the date Plaintiff files his Amended Complaint.

### 2.  Qualified immunity

As Plaintiff has been ordered to re-plead his allegations against Defendants Wickham and McLeroy with further specificity and Defendants have been granted leave to re-urge their motion, the Court does not believe it is appropriate at this time to determine whether Defendants Wickham and McLeroy are entitled to qualified immunity.  Since, however, Plaintiff has overcome the hurdle of stating a plausible claim against Defendant J.B. Smith, the Court must still address the qualified immunity defense as to this Defendant.

Defendant J.B. Smith asserts that he is protected by qualified immunity in his individual capacity.  Docket No. 8 at 2–5.  Qualified immunity is a doctrine which serves to shield a governmental official from liability based on the performance of his discretionary functions. *Beltran v. City of El Paso,* 367 F.3d 299, 302–03 (5th Cir.2004).  Generally, governmental officials are immune from civil rights claims brought under 42 U.S.C. § 1983 if

"their conduct does not violate clearly established rights of which a reasonable party would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).  The Fifth Circuit does not deny immunity "unless existing precedent must have placed the statutory or constitutional question *beyond debate*." *Anderson*, 845 F.3d at 599–600 (emphasis in original) (internal quotation marks omitted).

Once a defendant invokes qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002).  At the motion to dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.' " *Behrens v. Pelletier,* 516 U.S. 299, 309 (1996)(emphasis in original).

Here, Plaintiff's allegations describe serious and egregious official misconduct, including fabricating and soliciting false evidence (Compl. ¶ 97), withholding exculpatory and impeachment evidence from Plaintiff and prosecutors (*Id*. ¶ 96), malicious prosecution (*Id*. at ¶ 103), coercing witnesses to testify falsely and providing false statements used to convict Plaintiff (*Id*. at ¶ 112), and destroying exculpatory evidence (*Id*. ¶ 118).  Plaintiff alleges that Defendant J.B Smith was involved in this misconduct, and as a supervisor, "intentionally ignored and approved" this misconduct, and failed to intervene in the actions taken by the co-Defendants.  Docket No. 46 at 13.

Plaintiff cites to ample authority to defeat Defendant's assertion of qualified immunity at the Rule 12(b)(6) stage.  As to fabrication of evidence, Plaintiff points to *Napue v. Illinois*, 360 U.S. 264 (1959), in which the Supreme Court held that "it is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under

the Fourteenth Amendment."  Docket No. 46 at 17.  Recognizing this clearly established right, the Fifth Circuit has recently held that state actors are not entitled to qualified immunity for fabricating evidence.  *Good v. Curtis*, 602 F.3d 303, 398–400 (5th Cir. 2010) (concluding that fabricating false evidence to use in criminal proceedings constitutes a "knowing violation of the law," and "any officer so acting would not be entitled to immunity.").   Coercing witnesses into giving false testimony is also recognized as a violation of a clearly established constitutional right.  *Pyle v. Kansas*, 317 U.S. 213, 215–16 (1942) (holding that police who threaten a witness to give false testimony violate the due process clause of the Fourteenth Amendment).

As to Plaintiff's *Brady*-related claims of withholding exculpatory and impeachment evidence, Plaintiff argues that the Fifth Circuit has recognized that the suppression of exculpatory evidence was unconstitutional well before the time of the challenged conduct.  *Brown v. Miller*, 519 F.3d 231, 238 (5th Cir. 2008) ("By 1967, a public official's concealment of exculpatory evidence was a constitutional violation in this circuit.").

The Fifth Circuit has also recognized a § 1983 failure-to-intervene liability theory.  *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995), which Cook asserts against all supervising Police Defendants, including J.B. Smith.

Defendant did not file a reply, nor rebut in any other way, Plaintiff's assertions that it was objectively unreasonable and a violation of Plaintiff's clearly established rights for the Defendants to engage in the alleged misconduct.

The Court finds that Plaintiff has demonstrated the inapplicability of the qualified- immunity defense as to Defendant J.B. Smith, and accordingly, that J.B. Smith's motion to dismiss on this basis should be denied at this time.

## CONCLUSION

Accordingly, J.B. Smith's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement or, in the Alternative, Request for a Rule 7(a) Reply on the Issue of Qualified Immunity (Docket No. 8) is **DENIED** in its entirety.

Defendant Wickham's (Docket No. 12) motion is **GRANTED-IN-PART** as to a request for a more definite statement, and **DENIED-IN-PART WITHOUT PREJUDICE TO RE-FILING** the motion on all other grounds.

Defendant McLeroy's motion is **DENIED** in its entirety **WITHOUT PREJUDICE TO RE-FILING** (Docket No. 38).

Plaintiff is **ORDERED** to re-plead his allegations in the Complaint with additional specificity as to Defendants Wickham and McLeroy, no later than **fourteen (14) days** from the date of this Order.

The Court, additionally, *sua sponte* grants Defendants Wickham and McLeroy leave to re-urge their motions and assertions of qualified immunity, within **fourteen (14) days** from the date Plaintiff files his Amended Complaint.

**SIGNED this 28th day of March, 2018.**

Robert W Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE