IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: SMITH COUNTY<br><br>    Petitioner | § § § § § | Case No. 6:21-cv-232-JDK |
| KERRY MAX COOK<br><br>    Plaintiff<br><br>v.<br><br>CITY OF TYLER, et al.<br><br>    Defendants | § § § § § § § § § § § § | Case No. 6:17-cv-333-JDK |

**ORDER DENYING RULE 27 DEPOSITION REQUESTS**

Before the Court are several requests to take depositions to perpetuate testimony pursuant to Federal Rule of Civil Procedure 27(a). Specifically, Smith County petitions to depose former Smith County Sheriff J.B. Smith (6:21-cv-232, Docket No. 1). And Kerry Max Cook petitions to depose Eddie Clark, Eric Liptak, Frederick Mears, and Edward Jackson (6:17-cv-333, Docket No. 105) and Christy Phillips Heird and Michael Valentin, Jr. (6:17-cv-333, Docket No. 108).[1] As explained below, the Court **DENIES** all requests.

---

[1] Cook styles his requests as a motion and supplemental motion to reopen case number 6:17-cv-333 for the limited purpose of perpetuating testimony under Rule 27. Cook has provided no legitimate basis to reopen that case, which the Court dismissed with prejudice until the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1994), are met. Docket No. 95. However, the Court will consider Cook's requests as if he submitted proper petitions under Rule 27(a).

1

**I.**

The full history leading to the current dispute has been covered elsewhere.[2]

In short, after several trials, convictions, and reversals, in 1999, Cook was convicted of the 1977 murder of Linda Jo Edwards after pleading no contest. In 2015, Cook filed an application for a writ of habeas corpus in state court alleging due-process violations and actual innocence. Cook and the State eventually stipulated to the reversal of Cook's 1999 conviction on the basis of due-process violations and the submission of Cook's actual innocence claim to the state district court. Following a hearing, the state district court recommended denying Cook's actual innocence claim. The stipulated agreement and actual innocence claim remain pending before the Texas Court of Criminal Appeals, which must accept the agreement to vacate Cook's conviction.

In June 2017, Cook sued the City of Tyler, Smith County, and several current and former Texas law enforcement officers under 28 U.S.C. § 1983, alleging that he was wrongfully prosecuted, convicted, imprisoned, and sentenced to death. In February 2019, the Court dismissed Cook's claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), until Cook's criminal conviction is fully vacated. 6:17-cv-333, Docket No. 95.

Smith County and Cook now seek to take depositions to perpetuate testimony under Rule 27(a) in anticipation of Cook's refiling his civil rights lawsuit once the Texas Court of Criminal Appeals vacates his criminal conviction.

---

[2] *See, e.g.*, 6:17-cv-333, Docket No. 89 at 2–5.

## II.

Federal Rule of Civil Procedure 27(a)(1) provides:

A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

If the Court is "satisfied that the perpetuation of the testimony may prevent a failure or delay of justice," it shall permit the depositions to be taken. FED. R. CIV. P. 27(a)(3).

Rule 27(a)(1) allows the petitioner to preserve testimony or evidence that might be lost, concealed, or destroyed before suit is filed, but does not allow the petitioner to uncover facts to support the future suit or to aid his pre-suit investigation. *In re Reed*, No. 4:16-mc-1964, 2016 WL 5660421, at *5 (S.D. Tex. Sept. 29, 2016) (collecting cases). And a Rule 27(a) deposition "may not be used as a substitute for discovery." *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1376 (D.C. Cir. 1995). "Consequently, the party seeking to take the prelitigation deposition

must set forth in some detail the substance of the testimony it needs to preserve." *Id.* (citing *Nevada v. O'Leary,* 63 F.3d 932, 936 (9th Cir.1995); *Ash v. Cort,* 512 F.2d 909, 912 (3d Cir. 1975); 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2072 (2d ed. 1994)).

Further, a petitioner must make a particularized showing that the testimony needs to be taken in advance of the contemplated action. *In re Checkosky*, 142 F.R.D. 4, 7 (D.D.C. 1992) (citing *Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 976 (11th Cir. 1985); *In re Boland,* 79 F.R.D. 665, 667 & n. 2 (D.D.C. 1978)). *But see Mosseller v. United States,* 158 F.2d 380, 382 (2d Cir. 1946) ("'[T]he right to this relief . . . does not depend upon the condition of the witness, but upon the situation of the party, and his power to bring his rights to an immediate investigation.'"). Generally, the petitioner must show that there is a "sufficient risk that the testimony and other materials would be lost absent Rule 27 discovery." *Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 293 (S.D.N.Y. 2009); *see also Wetzelberger v. M & T Bank Corp.*, No. 12 Civ. 3685, 2012 WL 4328398, at *2 (E.D.N.Y. Sept. 20, 2021) (noting that Rule 27 may be invoked "only to preserve specific testimony or data that may *imminently* be lost" (emphasis added)). "[C]ommon fact patterns satisfying this element have included geographical or jurisdictional constraints, a deponent's advanced age or illness, or actual destruction of evidence." *In re Liquor Salesmen's Union*, No. 12-cv-2786, 2012 WL 2952391, at *3 (E.D.N.Y. July 19, 2012) (internal quotation marks omitted).

## III.

The parties' various requests for depositions under Rule 27 each fail for multiple, independent reasons.

### A.

A Rule 27(a) request must show "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." As explained above, the Court dismissed Cook's § 1983 claims as barred by *Heck v. Humphrey* until Cook's criminal conviction is fully vacated. 6:17-cv-333, Docket No. 95. Thus, Cook's § 1983 claims are not cognizable because the Texas Court of Criminal Appeals has not yet vacated his criminal conviction. And the Fifth Circuit has barred Rule 27 depositions where a potential § 1983 action was barred by *Heck*. *Reger v. Walker*, 312 F. App'x 624 (5th Cir. 2009). As the Fifth Circuit explained in *Reger*, "[Petitioner's] claim, whether for damages, declaratory judgment, or injunctive relief, is . . . not cognizable in a § 1983 action because it implies the invalidity of his conviction, and he has not shown his conviction to have been overturned or otherwise declared invalid." *Id.*; *see also Qin v. Deslongchamps*, No. 21-MC-17, 2021 WL 1990063, at *2 (E.D. Wis. May 14, 2021) (discounting cognizability where petitioner argued that subject matter jurisdiction over his potential case was merely "likely").

Cook's § 1983 claims may become cognizable if the Texas Court of Criminal Appeals vacates his criminal conviction. But that has not yet happened. And the Court declines to speculate on the likelihood of when or how the Court of Criminal Appeals will act. Accordingly, because the parties have not shown that they expect

to be a party to a cognizable action, their Rule 27 requests fail. While this alone would be sufficient to deny the parties' requests, each request also fails for additional reasons.

### B.

For several of the requested Rule 27(a) deposition, the parties have not shown that that are seeking to perpetuate *known* testimony. *See In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) ("It is well-established in case law that perpetuation means the perpetuation of known testimony."). Rather, the requests here are insufficiently vague or merely speculate about the expected testimony.

Specifically, Smith County's petition to depose former sheriff, J.B. Smith, states: "Sheriff Smith has knowledge of Smith County's involvement and/or lack thereof with Cook, including the murder investigation and incarceration of Cook." 6:21-cv-232, Docket No. 1 at 4. This provides neither the facts that Smith County wants to establish by Sheriff Smith's proposed testimony nor the expected substance of the Sheriff's testimony. *See* Fed. R. Civ. P. 27(a)(1)(C), (E).

Several of Cook's deposition requests are similarly deficient. Concerning Eddie Clark, Cook explains that he wants to depose Clark "to develop support for his allegations that Defendants withheld evidence that pointed to Mayfield as having committed these crimes." 6:17-cv-333, Docket No. 105 at 3. Similarly, Cook intends to depose Erik Liptak "to develop evidence of his allegations that Defendants conspired against him and fabricated false evidence in order to secure a wrongful conviction." *Id.* at 4. But "Rule 27 simply authorizes the perpetuation of evidence, not the discovery or uncovering of it." *In re Reed*, 2016 WL 5660421, at *5 (quoting

*In re Landry-Bell*, 232 F.R.D. 266, 266 (W.D. La. 2005)); *see also Turner v. Nationstar Mortgage, LLC*, No. 3:16-cv-501, 2016 WL 7223342, at *3 (N.D. Tex. Nov. 21, 2016) ("Rule 27, however, is not a license for general discovery." (citing *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981))). Cook's intention of "developing" support and evidence for his wrongful conviction claims by deposing these two witnesses is therefore contrary to Rule 27's purpose of perpetuating known testimony. *In re Ramirez*, 241 F.R.D. at 596.

While Cook's request to depose Frederick Mears is slightly stronger, it too lacks sufficient support. Cook argues that Mears will testify that Mayfield asked him how to beat a polygraph and that he was pressured to change his testimony in Cook's criminal trials. 6:17-cv-333, Docket No. 105 at 4. But Cook provides no support for how or why he knows Mears will testify as described. Without adequate evidentiary support, the Court cannot determine whether Cook *knows* this is how Mears will testify at deposition, or whether Cook merely *hopes* this is how Mears will testify.[3] *See, e.g., In re Allegretti*, 229 F.R.D. 93, 97 (S.D.N.Y. 2005) (denying Rule 27 petition where petitioner's argument appeared "more aspirational than known").

Finally, Cook's request to depose Edward Jackson, a jailhouse informant who testified against Cook, is also speculative. Cook "*alleges* the Defendants recruited [Jackson] to offer the fabricated claim that Plaintiff confessed to him to committing

---

[3] Further, Rule 27(a)(1) requires a "verified petition." Here, Cook's verification comes via the notarized declaration of Danielle Hamilton, an attorney representing Cook. Docket No. 105-1. In her declaration, Hamilton states that she has read Cook's "Response to Smith County's Petition to Perpetuate Testimony" and that the "facts stated in it are within my personal knowledge and are true and correct." *Id.* However, the declaration similarly provides no explanation for how or why Hamilton *knows* Mears will testify as described.

the murder." 6:17-cv-333, Docket No. at 4 (emphasis added). Again, it appears Cook is hoping to uncover helpful evidence from Jackson, not perpetuate known testimony from him. *See In re Reed*, 2016 WL 5660421, at *5 (citing *In re Landry-Bell*, 232 F.R.D. at 266).

In sum, Smith County's request to depose Smith and Cook's requests to depose Clark, Liptak, Mears, and Jackson fail to "furnish a focused explanation of what they anticipate any testimony would demonstrate." *Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14, 16 (2d Cir. 2016) (quoting *In re Allegretti*, 229 F.R.D. at 95–98). Accordingly, the Court **DENIES** these requests on this additional basis.

## C.

In a supplemental motion, Cook seeks to depose Michael Valentin, Jr. 6:17-cv-333, Docket No. 108 at 3–4. This request fails to meet Rule 27's requirement that petitioner "make a particularized showing that the testimony needs to be taken in advance of the contemplated action." *In re Checkosky*, 142 F.R.D. at 7 (collecting cases). Generally, this requires petitioner to show that there is a significant risk that the proposed deponent will likely be unavailable to testify at a later time. *E.g., In re Vioxx Prods. Liability Litigation*, 2008 WL 1995098, at *3 (E.D. La. May 6, 2008) (collecting cases). Typical examples include advanced age, illness, or indefinite departure from the country. *In re Flash Memory Antitrust Litigation*, 2008 WL 62278, at 5 (N.D. Cal. Jan. 4, 2008) (citing *In re Boland*, 79 F.R.D. at 667).

Cook presents no argument that Valentin may be unavailable to testify after his prospective case is filed. Indeed, Valentin is thirty-eight years old and "does not

appear to suffer from any health issues." 6:17-cv-333, Docket No. 114-1 at 1; 6:17-cv-333, Docket No. 108 at 3. Accordingly, because there is no imminent risk that Valentin's testimony will be lost, the Court **DENIES** Cook's request to depose Valentin for this additional reason.

### D.

Cook's supplemental motion also seeks leave to depose Christy Phillips Heird. 6:17-cv-333, Docket No. 108 at 2–3. Although Cook provides an affidavit of the testimony Heird may provide, this request still fails based on the substance of the proposed testimony. According to her affidavit, Heird lived in Tyler and knew Louella Mayfield in the late 1970s. 6:17-cv-333, Docket No. 108-2. Heird believes that Louella Mayfield, James Mayfield's daughter, murdered Linda Jo Edwards in 1977 because her father's affair with Edwards was wrecking her family. *Id.*

Courts have generally found that the testimony sought must be material to the matter in controversy. *E.g.*, *In re Hopson Marine Transp., Inc.*, 168 F.R.D. 560, 564 (E.D. La. 1996) (analyzing cases to reach this conclusion). Here, Cook ultimately seeks to prove that Smith County, the City of Tyler, and certain law enforcement officers knowingly fabricated evidence and withheld exculpatory evidence, leading to the false conviction of Cook. *See* 6:17-cv-333, Docket No. 105 at 2. But Cook fails to show how Heird's testimony, primarily concerning why she believes Louella Mayfield actually killed Edwards, is relevant to proving those claims. The most relevant portion of Heird's testimony comes at the end of her declaration, where she mentions that her uncle, Glenn S. Phillips, was the presiding judge over Kerry Cook's 1977–78 murder trial, "[w]hich is the main reason my Father made me stay quite [sic] about

9

the whole ordeal." 6:17-cv-333, Docket No. 108-2 at 3. But any possible connection between Heird's father, her uncle Judge Phillips, and the actual defendants in Cook's potential lawsuit exceeds the boundaries of Rule 27. *See In re Ramirez*, 241 F.R.D. at 597 ("The scope of the inquiry that may be permitted under Rule 27 is narrower than that which is permissible under the more general rule governing discovery, FED. R. CIV. P. 26(b)." (citing *Nevada*, 63 F.3d at 936)).

Because Cook has not shown that Heird's potential testimony is material to the actual controversy of his potential claims, his Rule 27 request to depose her is **DENIED**.

\*   \*   \*

For the reasons stated above, the Court hereby **DENIES** Smith County's verified petition to perpetuate the testimony of J.B. Smith. Case No. 6:21-cv-232, Docket No. 1. The Clerk of Court is instructed to close that case.

Further, the Court **DENIES** Kerry Max Cook's motion to reopen Case No. 6:17-cv-333 for the limited purpose of perpetuation testimony under Rule 27 (Docket No. 105) and **DENIES** Cook's requests to depose Eddie Clark, Erik Liptak, Frederick Mears, and Edward Jackson. The Court also **DENIES** Cook's supplemental motion to perpetuate testimony (Docket No. 108) and **DENIES** Cook's request to depose Michael Valentin, Jr. and Christy Heird Phillips.

So **ORDERED** and **SIGNED** this **7th** day of **December, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE