**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **KERRY MAX COOK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 6:17-cv-333-JDK** |
| | § | |
| **CITY OF TYLER, SMITH COUNTY,** | § | |
| **EDDIE CLARK, ERIC LIPTAK,** | § | |
| **DOUGLAS COLLARD, ROBERT** | § | |
| **BOND, GERALD HAYDEN, NELSON** | § | |
| **DOWNING, FRED MAYO, KENNETH** | § | |
| **FINDLEY, RONALD SCOTT, RONNIE** | § | |
| **MALLOCH, MARVIN T. McLEROY,** | § | |
| **STUART DOWELL, JAKE MASSEY,** | § | |
| **J.B. SMITH, and GENE CARLSON,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**DEFENDANTS EDDIE CLARK, ERIC LIPTAK, ROBERT BOND, GERALD HAYDEN, NELSON DOWNING, KENNETH FINDLEY, AND RONALD SCOTT'S MOTION TO DISMISS & MOTION TO STAY**</u>

NOW COMES Defendants Eddie Clark, Eric Liptak, Robert Bond, Gerald Hayden, Nelson Downing, Kenneth Findley, and Ronald Scott (collectively, "Individual Defendants") and, pursuant to Fed. R. Civ. P. 12(b)(6), files this their Motion to Dismiss & Motion to Stay in opposition to Plaintiff's Amended Complaint [Dkt. 122], and respectfully shows the Court as follows:

<u>**INTRODUCTION**</u>

The Court should dismiss all of Plaintiff's claims against the Individual Defendants for failure to state a claim for relief, and because Plaintiff failed to plead specific facts sufficient to

overcome each Individual Defendants' entitlement to qualified immunity. *See* Fed. R. Civ. P. 12(b)(6).[1]

Plaintiff failed to allege facts to support a claim against each of the Individual Defendants for any of his claims. Plaintiff's claims improperly rest on conclusory, generalized characterizations and allegations against 15 "Police Defendants,"[2] collectively, instead of specific factual allegations of what act(s) each Individual allegedly committed. Plaintiff's shotgun pleading is insufficient to overcome each Individual Defendants' entitlement to qualified immunity.

Plaintiff's claims are barred by the independent intermediary doctrine, and Plaintiff failed to allege facts sufficient to establish a *Franks* exception to any specific act of a particular Individual Defendant.

Additionally, Plaintiff's implied *Franks* claim, Fifth Amendment claim, and malicious prosecution/fabrication claims against the Individual Defendants were not clearly established at the time.

Plaintiff's claims that are beyond those for which this Court found a plausible extension of the statute of limitations for malicious prosecution theories are time-barred.

Finally, pursuant to *Carswell v. Camp*, 54 F. 4th 307 (5th Cir. 2022), the Court should enter an order staying all proceedings and all discovery in this case until the Individual

---

[1] Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendants are not required to file an answer until fourteen (14) days after the Court rules on a motion filed pursuant to Rule 12. This extension applies regardless of whether the motion relates to some or all of the claims alleged in a plaintiff's complaint. *See* Charles Alan Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. 3d § 1346 (West 2006); *see also Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428 (6th Cir. 2006).

[2] Plaintiff alleges that "Police Defendants" collectively refers to the eight Individual Defendants [Clark, Liptak, Bond, Hayden, Downing, Mayo, Findley, Scott], plus co-Defendants Collard, Malloch, McLeroy, Dowell, Massey, Smith, and Carlson. Dkt. 122, ¶28. Defendant Mayo is, sadly, deceased. *See* Dkt. 144 (Suggestion of Death). Mayo had appeared and answered prior to the closure of this case. It is not yet known how Plaintiff will proceed. Out of an abundance of caution and to avoid default, Defendants have moved to extend the deadline for Defendant Mayo/his substituted party to respond to Plaintiff's Amended Answer. *See* Dkt. 145. Defendants understand that Malloch and Collard are, sadly, deceased and were not served prior to their deaths.

Defendants' assertion of immunity, as well as the assertions of immunity in motions to dismiss of other individual defendants, are fully adjudicated.

## PLAINTIFFS' ALLEGATIONS[3]

Plaintiff Kerry Max Cook alleges various causes of action against the multiple defendants for wrongful conviction and misconduct arising from the investigation and conviction of Plaintiff for the 1977 murder of Linda Jo Edwards.

### A.    Plaintiff's Collective Allegations Against "Police Defendants"

Plaintiff alleges that "Police Defendants" means the following 15 Defendants: Clark, Liptak, Bond, Hayden, Downing, Findley, Scott (i.e., the Individual Defendants), Mayo, Collard, Malloch, McLeroy, Dowell, Massey, Smith, and Carlson, collectively. Dkt. 122, ¶28. As explained *supra*, Plaintiff's vague, conclusory allegations against the "Police Defendants" lack sufficient indication of which particular Police Defendant(s) did or did not commit particular alleged acts and should be disregarded. Plaintiff's Counts I-VI are asserted against all or "one or more" of these Police Defendants.[4] His Counts VII-VIII are against municipal defendants only.

### B.    Plaintiff's Allegations Against the Individual Defendants

Plaintiff makes the following allegations specific to the Individual Defendants:

#### 1.    Eddie Clark

Plaintiff vaguely alleges that Clark, along with Defendants Liptak, Bond, Hayden, Downing, Mayo, Findley, and Scott, was "involved in supervising and conducting the Edwards murder investigation." Dkt. 122, ¶20.

---

[3] Unless otherwise noted, these allegations are taken from Plaintiffs' Second Amended Complaint, and since this is a Rule 12(b)(6) motion to dismiss, the Court must accept as true only *well-pleaded* facts. By identifying Plaintiff's alleged facts herein for purposes of this Motion to Dismiss, Defendants do not admit them.
[4] Dkt. 122, ¶¶178 (Count I—against Police Defendants), 187 (Count II—against Police Defendants), 201 (Count III—against unspecified "one or more of the Police Defendants"), 208 (Count V—against the Police Defendants), 214 (Count VI—against unspecified "one or more of the individual Defendants").

Plaintiff alleges that Clark and Downing were told by Rudolph that she saw Mayfield at the crime scene. *Id.*, ¶90. Plaintiff alleges unspecified "Police Defendants" prepared a witness statement for Rudolph and coerced her into signing a statement that said she "assumed" the person she saw was Mayfield. *Id.* Plaintiff alleges that in one of Clark's police reports dated June 13, 1977, in recounting an interview of Rudolph, Clark left out Mayfield's name and Rudolph's description of the person she saw in Edward's room that matched Mayfield. *Id.*, ¶91.[5]

Plaintiff alleges Clark, along with Collard and unspecified "others," caused a hair sample to be destroyed after it was tested, but before Plaintiff tested it himself. *Id.*, ¶¶96-97.

Plaintiff alleges that Clark, together with co-Defendant McLeroy and "the other Police Defendants" concealed evidence of a polygraph examination on Smith. *Id.*, ¶¶103-4.

Plaintiff alleges Clark and other Police Defendants were in collaboration with Collard who "advanced" a "bogus" opinion that Plaintiff's fingerprints on the apartment sliding door were only hours old when Collard lifted them. *Id.*, ¶110.

Plaintiff alleges that on August 4, 1977, Clark swore out an affidavit to arrest and charge Plaintiff. *Id.*, ¶158. Plaintiff alleges it was false because it included Collard's opinion that Plaintiff's fingerprints were left at the time of the murder and omitted that Rudolph "initially identified the perpetrator as James Mayfield." *Id.*, ¶159.

## 2.    Eric Liptak

Plaintiff vaguely alleges that Liptak, along with other individuals, was "involved in supervising and conducting the Edwards murder investigation." Dkt. 122, ¶20.

Plaintiff alleges that sheriff's deputy Wickham worked with Liptak "to create false documents" that claimed that Plaintiff confessed Edwards' murder to Wickham when they were

---

[5] *See* Dkt. 121-1, p.59, n.128 (instead of mentioning Mayfield's name and description, Clark noted that Paula "thought it was Linda's boyfriend and continued on to her room."). *See infra* at p.6-7, n.15-18. (in deciding motion to dismiss, Court may consider judicial opinions, public records, and documents relied upon by Plaintiff).

alone in a courthouse elevator. *Id.*, ¶133. Plaintiff does not allege what work Liptak did or facts of how he knew it was false. Plaintiff alleges that Liptak communicated Wickham's claim to the prosecutor's office before plaintiff's trial. *Id.*, ¶134.

### 3. Gerald Hayden

Plaintiff vaguely alleges that Hayden, along with other individuals, was "involved in supervising and conducting the Edwards murder investigation." Dkt. 122, ¶20.

Plaintiff alleges that Hayden wrote in a police report that Louella Mayfield was "mentally and emotionally unstable, very hyper, and a pathological liar," and that he and other Police Defendants concealed the report. *Id.*, ¶¶83, 87. Plaintiff's Complaint does not allege what action he took to conceal the report or from whom it was allegedly concealed.[6]

### 4. Nelson Downing

Plaintiff vaguely alleges that Downing, along with other individuals, was "involved in supervising and conducting the Edwards murder investigation." Dkt. 122, ¶20.

Plaintiff alleges that Clark and Downing were told by Rudolph that she saw Mayfield at the crime scene. *Id.*, ¶90. Plaintiff alleges unspecified "Police Defendants" prepared a witness statement for Rudolph and coerced her into signing a statement that said she "assumed" the person she saw was Mayfield. *Id.*

### 5. No Specific Allegations Against Robert Bond, Kenneth Findley, and Ronald Scott.

Other than vaguely alleging that they, along with other individuals, were "involved in supervising and conducting the Edwards murder investigation," [Dkt. 122, ¶20] Plaintiff makes

---

[6] In the District Court's 1993 Habeas decision in the underlying criminal proceedings (excerpt attached hereto as Exh.1), the court determined that Sgt. Hayden reported this to Sgt. Clark, and that "Sgt. Clark passed this information along to [prosecutors]. By so doing, Sgt. Clark fulfilled his duty and had no further responsibility to see that the information reached the defense attorneys." Exh.1, at "Page 6", ¶3 [District Court's Findings of Fact and Conclusions of Law (Jan. 29, 1993)]; *see* Dkt. 121-1, pp.21-22 (discussing same); *see also*, *infra* at pp.6-7, n.15-18.

no allegations specifically naming Defendants Bond, Findley, or Scott or alleging any act that they took in furtherance of a constitutional violation.[7]

## ARGUMENT AND AUTHORITIES

### C.    Rule 12(b)(6) Motion to Dismiss Standard.

To survive a motion to dismiss, plaintiffs must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and a formulaic recitation of the elements of a cause of action will not suffice.[8] In deciding a Rule 12(b)(6) motion, the court does not, "presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement."[9] A court should begin its analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.[10] The Court need only accept as true the "well pleaded" facts in a complaint; to be "well pleaded," a complaint must state specific facts to support the claim, not merely conclusions and unwarranted factual deductions.[11] A court is not bound to accept legal conclusions couched as factual allegations.[12] A conclusory allegation is one which lacks factual support.[13] The Court should dismiss a complaint if it lacks an allegation regarding an element of a cause of action.[14]

In deciding a motion to dismiss, courts may consider the complaint, as well as other sources, such as documents incorporated into the complaint by reference, and matters of which a

---

[7] Plaintiff likewise makes no allegations naming Defendant Mayo. *See supra* n.2.
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[9] *Harmon v. City of Arlington*, 16 F.4th 1159, 1162-63 (5th Cir. 2021) (citing *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).
[10] *Iqbal*, 556 U.S. at 679.
[11] *Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).
[12] *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Iqbal*, 556 U.S. at 679; *Tuchman,* 14 F.3d at 1067 (Plaintiff must plead "specific facts, not merely conclusory allegations."); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 244 (5th Cir. 2009).
[13] E.g., *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 911 (5th Cir. 2019).
[14] *Keane v. Fox TV Stations, Inc.*, 297 F. Supp. 2d 921, 925 (S.D. Tex. 2004) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

court may take judicial notice.[15] Also, "a written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding."[16] Third, a "court may consider documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim."[17] Finally, "a court may permissibly refer to matters of public record,"[18] which would include judicial opinions.

### D.    Qualified Immunity Standard.

"A plaintiff seeking to overcome a motion to dismiss because of qualified immunity ... must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the harm alleged."[19] "A plaintiff must plead factual allegations that, if true, raise the right to relief above the speculative level, meaning that the relief is plausible, not merely possible."[20]

"Although nominally an affirmative defense, the plaintiff has the burden to negate the assertion of qualified immunity once properly raised."[21] Qualified immunity "adds a wrinkle" to §1983 pleadings.[22] "'A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.'"[23] Public officials sued in their individual capacities are presumed to enjoy qualified immunity,

---

[15] *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007);  *Norris v. Hearst Trust*, 500 F.3d 457, 461, n.9 (5th Cir. 2007); *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 372, n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343, n. 6 (5th Cir. 1994); *Rome v. HCC Life Ins. Co.*, 323 F.Supp.3d 862, 866 (N.D. Tex. 2018) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)) (quoting *Tellabs, Inc.*, 551 U.S. at 322).

[16] *Id.* (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

[17] *Id.* (citing *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

[18] *Id.* at 866 (citing *Cinel*, 15 F.3d at 1343, n. 6); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding the district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts…which were matters of public record directly relevant to the issue at hand").

[19] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023), *cert. denied sub nom. Crandel v. Hall*, 144 S. Ct. 1002, 218 L. Ed. 2d 21 (2024) (quoting *Bevill v. Fletcher*, 26 F.4th 270, 274 (5th Cir. 2022) (citation omitted)).

[20] *Edmiston*, 75 F.4th at 557 (cleaned up, citations omitted).

[21] *Collier v. Montgomery*, 569 F.3d 214, 217-18 (5th Cir. 2009).

[22] *Arnold v. Williams*, 979 F.3d 262, 266–67 (5th Cir. 2020).

[23] *Id*. (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

which is an immunity from the lawsuit itself, not merely from liability.[24] Qualified immunity is the rule, not the exception.[25]

A plaintiff seeking to defeat qualified immunity must show: (1) that the specific official violated a statutory or constitutional right; and (2) that the right was clearly established at the time of the challenged conduct, such that the official's actions were objectively unreasonable.[26] Thus, there are two basic questions involved in resolving questions of qualified immunity: first, taken in the light most favorable to the party asserting the injury, do the facts alleged show that the public official's conduct violated a constitutional right; and second, was the right clearly established in light of the specific context of the case?[27] Courts have discretion in deciding which of the two prongs will be addressed first.[28]

Qualified immunity applies "when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[29] Only if the violation was "clearly established" at the time can the plaintiff defeat the defendant's invocation of qualified immunity.[30] "Critically, courts must not define clearly established law at a high level of generality; rather, we must undertake the inquiry in light of the specific context of the case."[31]

The question is whether a reasonable officer <u>could</u> have believed that the actions of the defendant officer were lawful in light of clearly established law and the information the officer

---

[24] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).
[25] *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).
[26] *Morgan*, 659 F.3d at 371; *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).
[27] *Scott v. Harris*, 550 U.S. 372, 377 (2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).
[28] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).
[29] *White v. Pauly*, 580 U.S. 73, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).
[30] *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).
[31] *Edmiston*, 75 F.4th at 559 (cleaned up) (quoting *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (quoting *Mullenix*, 577 U.S. at 12).

possessed at the time.[32]  If reasonable officers could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity.[33]  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[34]

Again, it is the plaintiff's burden to plead and prove specific facts overcoming qualified immunity.[35]  To do so, a claimant "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[36]  "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*."[37]  Consequently, to deny qualified immunity "existing precedent must have placed the statutory or constitutional question *beyond debate*."[38]

## E.    <u>Plaintiffs' Claims Against the Individual Defendants Are Impermissibly Pleaded in the Collective.</u>

Plaintiff has impermissibly pleaded in the collective, grouping 15 individuals together as "the Police Defendants" throughout his Complaint, without detailing the specific conduct of each Individual Defendant beyond those allegations identified above.[39]  Plaintiff simply alleges that the eight Individual Defendants are in this group of 15 "Police Defendants," alleging in a

---

[32] *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

[33] *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

[34] *Id.*; *see also Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (officials are immune unless "the law clearly proscribed the actions" they took).

[35] *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d at 253.

[36] *Backe*, 691 F.3d at 648; *Meadours v. Ermel*, 483 F. 3d 417, 421 (5th Cir. 2007); *Bonner v. Alford*, No. 3:10-CV-2556-N (BF), 2014 WL 285139, *2 (N.D. Tex. Jan. 27, 2014) *aff'd*, 594 F. App'x 266 (5th Cir. 2015) (when qualified immunity is an issue "the complaint is subject to a heightened pleading requirement. The plaintiff must allege 'particularized facts which, if proved, would defeat a qualified immunity defense.'"); *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995).

[37] *Pasco v. Knoblauch*, 566 F.3d 572, 578–79 (5th Cir. 2009) (quoting *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (emphasis in original)).

[38] *Morgan*, 659 F.3d at 371 (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011)) (emphasis in original).

[39] *Supra* at pp.3-6.

conclusory fashion that all the individuals committed all of the acts. This is improper and insufficient to survive dismissal on the basis of qualified immunity.

A plaintiff bringing a section 1983 action must specify the personal involvement of each defendant.[40] "In cases where the defendants have not acted in unison, 'qualified immunity claims should be addressed separately for each individual defendant.'"[41] When an officer asserts qualified immunity, "a plaintiff cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants."[42]

Thus, when plaintiffs make only "collective allegations" against a group of police officers, without justification for the lack of individualization, they fail to overcome assertions of qualified immunity at the motion to dismiss stage.[43] This "shotgun" approach to pleading is impermissible. When a plaintiff "fails to distinguish the actions of each named defendant, the plaintiff engages in quintessential shotgun pleading, which could properly be disregarded."[44] "Shotgun pleading violates Federal Rule of Civil Procedure 8's notice pleading standard by failing ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[45] A failure to plead specifically what a particular defendant did is "fatal" to a plaintiff's claims.[46] Therefore, the Court should disregard Plaintiff's collective

---

[40] *Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cir. 2023) ("Armstrong's allegation also suffers from the distinct problem of group pleading: she simply faults the eight Law Enforcement Defendants as a group without factual material suggesting that any particular defendant suppressed evidence.").

[41] *Darden v. City of Fort Worth*, 880 F.3d 722, 731 (5th Cir. 2018) (quoting *Kitchen v. Dallas County*, 759 F.3d 468, 480 (5th Cir. 2014)); *see also*, *Meadours*, 483 F.3d at 421 (emphasizing that even where police "officers acted in unison," the district court erred in considering their actions together rather than addressing each officer's actions individually for the qualified immunity analysis).

[42] *Schultea*, 47 F.3d at 1432.

[43] *See Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 WL 1457529, at *20 (S.D. Miss. Mar. 30, 2015); *Sinegal v. City of El Paso*, 414 F.Supp.3d 995, 1004 (W.D. Tex. 2019) (citation omitted).

[44] *Alexander v. S. Health Partners, Inc*., No. 3:22-CV-0395-X, 2023 WL 3961704, at *8–9 (N.D. Tex. June 12, 2023).

[45] *Id.*

[46] *Cass v. City of Abilene*, 814 F.3d 721, 730 (5th Cir. 2016) (*citing Meadours*, 483 F.3d at 421-22).

pleadings against the "Police Defendants," "one or more of the Police Defendants," and Plaintiff's vague collective assertion that Defendants Clark, Liptak, Bond, Hayden, Downing, Mayo, Findley, and Scott were "involved in supervising and conducting the Edwards murder investigation," [Dkt. 122, ₱20], as they do not rise to the level of "well pleaded" facts.[47] Each Individual Defendant must be afforded adequate notice of the grounds upon which Plaintiff's claims rest against them, individually. The Court must consider only Plaintiff's specific factual allegations as to each particular Individual Defendant, if any such allegations exist.

**F.**    **Plaintiff's Fourth and Fourteenth Amendment Claims Should Be Dismissed.**

Under Plaintiff's Count I, Plaintiff alleges that his due process right to a fair trial was violated by the 15 Police Defendants. Dkt. 122, ¶¶177-185. Though unclear, Plaintiff alleges that they did so by: (1) withholding exculpatory and impeachment evidence from Plaintiff and prosecutors [*Id.*, ¶179], (2) fabricating evidence and police reports [*Id.*, ¶180], (3) soliciting false testimony, (4) failing to correct fabricated evidence after it was used at Plaintiff's criminal trial [*Id.*], and (5) concealing and fabricating additional unknown evidence. *Id.*, ¶181. Plaintiff essentially alleges the same alleged acts as the basis for his substantive due process claim in Count III. *Id.*, ¶197.

Under Plaintiff's Count II, Plaintiff alleges that the Police Defendants unreasonably seized Plaintiff without probable cause during his prosecution and conviction in violation of the Fourth and Fourteenth Amendments. Dkt. 122, ¶188, 190.

Under Count IV, Plaintiff alleges that "one or more of the Police Defendants" negligently, or alternatively in bad faith or with deliberate indifference, destroyed evidence. Dkt. 122, ¶¶200-206.

---

[47] *See Tuchman*, 14 F.3d at 1067.

Though unclear, Plaintiff's Due Process claim appears to be a claim of fabrication of evidence. The Fifth Circuit has concluded that the Fourteenth Amendment guarantees a "due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person."[48] To succeed on a fabrication-of-evidence claim under the Fourteenth Amendment, Plaintiffs must show (1) the officers fabricated evidence (2) for the purpose of falsely obtaining a charge and (3) that the evidence influenced the decision to charge.[49] Also, "a defendant's due process rights may be violated when exculpatory or impeachment evidence, which is both favorable to the defendant material to guilt or punishment, is concealed by the government."[50]

**1.    Plaintiff fails to allege sufficient facts to overcome the independent intermediary doctrine.**

Under the independent-intermediary doctrine, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation ... insulating the initiating party."[51] The Fifth Circuit has recognized that the independent intermediary doctrine applies to malicious prosecution claims.[52] The doctrine applies even if the independent intermediary's action occurs subsequent to the alleged constitutional violation.[53]

---

[48] *Cole v. Carson*, 802 F.3d 752, 771 (5th Cir. 2015), *cert. granted, judgment vacated sub nom. Hunter v. Cole*, 580 U.S. 994 (2016) *and opinion reinstated in part*, 905 F.3d 334 (5th Cir. 2018).

[49] *Cole v. Hunter*, 497 F. Supp. 3d 172, 190 (N.D. Tex. 2020).

[50] *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.2000).

[51] *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022) (quoting *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017)).

[52] *Trevino v. Iden*, 79 F.4th 524, 531, n.4 (5th Cir. 2023) ("[T]he doctrine's application is not confined to claims styled as false arrest.") (citing, *Curtis v. Sowell*, 761 F. App'x 302, 304 (5th Cir. 2019) (applying the doctrine to a Fourth Amendment claim for "arrest[ ] and prosecut[ion]" without probable cause and a First Amendment claim for retaliatory prosecution); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004) (including "malicious prosecution" among plaintiff's § 1983 claims and resolving the issue under the independent-intermediary doctrine)).

[53] *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016).

In this case, there have been multiple independent intermediaries insulating any alleged wrongful act of any Individual Defendant to maliciously prosecute without probable cause.[54] The prosecuting District Attorneys' decisions may also constitute independent intermediaries.[55]

The chain of causation remains intact if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant."[56] Under the taint exception, the Plaintiff must show that the defendant knowingly withheld relevant information or otherwise misdirected the independent intermediary by omission or commission on a matter material to the probable cause determination.[57] "[T]o avoid application of the independent-intermediary doctrine and state a constitutional violation against [Defendant], [Plaintiff] must plausibly allege, with facts supporting the inference, that [Defendant] tainted the deliberations of the grand jury that returned the…indictment."[58]

Though not explicitly stated, Plaintiff infers a claim under *Franks v. Delaware*.[59] Under some intermediate court decisions applying *Franks*,[60] an officer can be held liable for a Fourth Amendment violation when he includes a false statement in a warrant application "knowingly and intentionally, or with reckless disregard for the truth[.]"A so-called *Franks* violation allegedly occurs when an officer signed or presented a warrant affidavit to the magistrate or when an officer knowingly, intentionally, or with reckless disregard for the truth makes false

---

[54] *See e.g.*, Dkt. 89, pp.3-4 (Court listing procedural history of intermediary decisions, including grand jury indictment, trials, writ of habeas corpus orders); *see also e.g.*, *Cook v. State*, 940 S.W.2d 623 (Tex. Crim App. 1996); *Cook v. State*, 821 S.W.2d 600 (Tex. Crim. App. 1991); *Cook v. State*, 741 S.W.2d 928 (Tex. Crim. App. 1987); Exh. 1; Exh. 2 [Excerpt from 2016 Trial Court's Opinion, Findings of Fact and Conclusions of Law in *Ex parte Cook*]; *see also*, *Ex parte Cook*, 691 S.W.3d 532 (Tex. Crim. App. 2024) [Dkt. 121-1].
[55] *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010).
[56] *Hand v. Gary,* 838 F.2d 1420, 1428 (5th Cir.1988).
[57] *See McLin*, 866 F.3d at 689.
[58] *Trevino*, 79 F.4th at 532.
[59] 438 U.S. 154 (1978).
[60] Defendants specifically and affirmatively maintain that these intermediate court decisions were unauthorized expansions of *Franks*.

statements in an affidavit in support of a warrant.[61] The final inquiry to establishing a *Franks* violation is "whether any reasonably competent officer possessing the information each officer had at the time she swore her affidavit could have concluded that a warrant should issue."[62] The Fifth Circuit noted that "[the final] inquiry is the ultimate liability question in a false arrest case: Did the officer have information establishing probable cause, whether or not that information was included [or excluded] in the warrant?"[63] As shown below, Plaintiff has failed to allege sufficient facts to establish taint or a *Franks* claim against any of the Individual Defendants, and they are entitled to qualified immunity.

### 2. Plaintiff failed to allege sufficient facts against the Individual Defendants.

Plaintiff's claims against the Individual Defendants should be dismissed because his allegations are devoid of supporting factual detail that could render the claims plausible; rather, the claims listed under each Count are based on no more than conclusory, collective assertions against one or more unspecified "Police Defendants," which, as shown above, is improper collective pleading. Plaintiff's allegations as to each particular Individual Defendant are sparse and fail to allege enough factual detail to allow the Court to reasonably infer satisfaction of each element of his claims against each Individual Defendant.[64] Under each of Plaintiff's Counts I-VI, Plaintiff does not identify any specific action of any Individual Defendant (or Police Defendant), but instead vaguely refers to "the manner described more fully above," improperly requiring the

---

[61] *Franks*, 438 U.S. at 155-56 and 171-72; *Melton v. Phillips*, 875 F.3d 256, 262 (5th Cir. 2017) (citing *Jennings v. Patton*, 644 F.3d 297, 301 (5th Cir. 2011) and *Hampton v. Oktibbeha Cty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007)).

[62] *Jones v. Perez*, No. 17-11242, 2019 WL 5268618, at *3 (5th Cir. Oct. 16, 2019) (quoting *Freeman v. Cty. of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000)) (holding that the officer did not violate *Franks* when she did not alert the magistrate to the reliability of a witness to the crime that was in serious doubt because the overall evidence established probable cause "even if the information on a reconstructed affidavit would not have sufficed").

[63] *Id.*

[64] *See e.g.*, *Reese v. Robertson*, No. 3:22-CV-01002-N-BT, 2023 WL 8720723, at *5 (N.D. Tex. Nov. 16, 2023), *report and recommendation adopted*, 2023 WL 8719452 (N.D. Tex. Dec. 15, 2023).

Court and Defendants to scour his Complaint and guess as to what allegations Plaintiff means to support each claim against each Individual Defendant, if any.[65]

Plaintiff also only makes conclusory and improper collective assertions as to the *mens rea* for each of his claims. *See* Dkt. 122 at ¶184 (Count I–conclusory assertion that unspecified misconduct was intentional, with malice, and reckless indifference), ¶191 (Count II—same), ¶198 (Count III-unspecified misconduct was intentionally with deliberate indifference), ¶¶203, 205 (Count IV—unspecified destruction of evidence was negligent,[66] or in bad faith, and misconduct was intentionally with deliberate indifference). At most, Plaintiff makes the bald assertion that all of the defendants were "fueled entirely by bigotry rather than police investigation." *Id.*, ¶6. Plaintiff's conclusory, collectively pled assertions, without supporting allegations of fact, are insufficient to state a claim or overcome the Individual Defendants entitlement to qualified immunity.

### a)    Defendants Bond, Findley, and Scott.

To the extent the Court considers allegations of acts of particular Individual Defendants elsewhere in Plaintiff's Complaint, Plaintiff does not assert any non-conclusory, non-collective factual allegations of any specific acts allegedly committed by Defendants Bond, Findley, or Scott to wrongfully withhold or conceal evidence, solicit known false testimony, fabricate evidence, or fail to correct fabricated evidence. Plaintiff's claims are conclusory, or, at most, speculative.[67] Defendants Bond, Findley, or Scott are entitled to qualified immunity.

---

[65] Defendant objects to this pleading as deficient. *See also*, *infra* at Sec. L, requesting, in the alternative, that Plaintiff be ordered to file a Rule 8 reply as to each claim against each Individual Defendant and their entitlement to qualified immunity.

[66] The Individual Defendants are entitled to qualified immunity for any alleged negligent conduct.

[67] *Bivens v. Forrest Cnty.*, No. 2:13-CV-8-KS-MTP, 2015 WL 1457529, at *9 (S.D. Miss. Mar. 30, 2015) (citing *United States ex rel. Steury v. Cardinal Health Inc.,* 735 F.3d 202, 204 (5th Cir. 2013) ("factual allegations must support a claim to relief that is plausible on its face and rises above mere speculation")

### b)    Eric Liptak

Plaintiff alleges that sheriff's deputy Wickham worked with Liptak "to create false documents"[68] that claimed that Plaintiff confessed Edwards' murder to Wickham when they were alone in a courthouse elevator. *Id.*, ⁋133. Plaintiff alleges that Liptak communicated Wickham's claim to the prosecutor's office before Plaintiff's trial [*Id.*, ⁋134] but otherwise does not allege what "work" Liptak did, or facts indicating that he knew Wickham's affidavit was false. Moreover, this Court has already considered Wickham's affidavit, made no finding that it was, in any way, false, that it was created in preparation of trial, that Wickham's trial testimony was consistent with the affidavit, and that Wickham was entitled to absolute testimonial immunity with respect to the affidavit. Dkt. 89, pp.19-22.[69] Under these circumstances, Plaintiff has failed to allege facts of Liptak committing an act that violated a constitutional right. Other than these allegations, Plaintiff does not allege facts of any specific act of Liptak to wrongfully withhold or conceal evidence, solicit known false testimony, fabricate evidence, or fail to correct fabricated evidence. He is therefore entitled to qualified immunity.

### c)    Gerald Hayden

Plaintiff alleges that Hayden wrote in a police report that Louella Mayfield was "mentally and emotionally unstable, very hyper, and a pathological liar," and that he and other Police Defendants concealed the report. Dkt. 122, ⁋⁋83, 87. Plaintiff does not allege what action he took to conceal the report or from whom it was allegedly concealed. In the 1993 Habeas decision, the court determined that Sgt. Hayden reported his opinion of Louella Mayfield to Sgt. Clark, and that "Sgt. Clark passed this information along to [prosecutors]. By so doing, Sgt. Clark fulfilled

---

[68] Defendants understand that Plaintiff refers to Wickham's pretrial affidavit setting forth the testimony he gave at trial. *See* Dkts. 89, pp.19-22 [Order granting, in part, Wickham's Motion for Summary Judgment]; 69-4 [Plaintiff's Exhibit 3 to Response to Motion for Summary Judgment (the Affidavit of Robert Dean Wickham)].
[69] *See also*, *Ex parte Cook*, 691 S.W.3d at 591 ("Wickham has never recanted this testimony.").

his duty and had no further responsibility to see that the information reached the defense attorneys."[70] Under these circumstances, Plaintiff has failed to allege facts of Hayden committing an act that violated a constitutional right. Other than these allegations, Plaintiff does not allege facts of any specific act of Hayden to wrongfully withhold or conceal evidence, solicit known false testimony, fabricate evidence, or fail to correct fabricated evidence. He is therefore entitled to qualified immunity.

### d)    Nelson Downing

Plaintiff alleges that Clark and Downing were told by Rudolph that she saw Mayfield at the crime scene. Dkt. 122, ¶90. Plaintiff alleges unspecified "Police Defendants" prepared a witness statement for Rudolph and coerced her into signing a statement that said she "assumed" the person she saw was Mayfield. *Id.* Plaintiff has not alleged facts indicating that Downing (or Clark) prepared this alleged witness statement. Plaintiff has not alleged facts indicating Downing (or Clark) committed some wrongful act to coerce the witness statement. Assuming, *arguendo*, that Plaintiff intends to allege that Downing and/or Clark prepared the statement, it is not inconsistent with Rudolph's testimony at the trials, which the Court of Criminal Appeals found truthful.[71] Under these circumstances, Plaintiff has failed to allege facts of Downing committing an act that violated a constitutional right. Other than this allegation, Plaintiff does not allege facts of any specific act of Downing to wrongfully withhold or conceal evidence, solicit known false testimony, fabricate evidence, or fail to correct fabricated evidence. He is therefore entitled to qualified immunity.

---

[70] Exh.1, "Page 6" ¶3 [1993 Habeas Order].

[71] *Ex parte Cook*, 691 S.W.3d at 544, n.13 (Rudolph admitting she only briefly saw the figure and "assumed" it was Edwards' boyfriend [Mayfield]); at 571, n.147 ("We do not suggest in any way that Paula Rudolph is or has been less than truthful to the best of her ability in any way."); *Cook v. State*, 741 S.W.2d 928, 930 (Tex. Crim. App. 1987) (Rudolph "thinking Edwards' boyfriend Jim Mayfield was in the apartment"), cert. granted, judgment vacated, 488 U.S. 807, 109 S. Ct. 39, 102 L. Ed. 2d 19 (1988)

e)        **Defendant Clark**

To the extent the Court considers allegations of acts of particular Individual Defendants elsewhere in Plaintiff's Complaint, with regard to Clark, Plaintiff alleges that on August 4, 1977, Clark swore out an affidavit to arrest and charge Plaintiff. *Id.*, ⁋158.[72] Plaintiff alleges it was false because it included Collard's opinion that Plaintiff's fingerprints were left at the time of the murder and omitted that Rudolph "initially identified the perpetrator as James Mayfield." *Id.*, ⁋159.[73] Plaintiff alleges that in a June 13, 1977 report of an interview of Rudolph, Clark left out Mayfield's name and every description of the person Rudolph saw that matched Mayfield. *Id.*, ⁋91. More specifically, Clark noted that Rudolph "thought it was Linda's boyfriend," as opposed to using Mayfield's name and description.[74] Defendant Clark is entitled to qualified immunity, since Plaintiff alleges no facts to support her conclusory assertion that Clark's report was false.

With regard to Clark's inclusion of Collard's opinion, Plaintiff alleges that Collard gave the opinion that Plaintiff's fingerprints on the apartment sliding door were only hours old when Collard lifted them and later admitted that he did not know of a "sound, supported basis in forensic science" for his opinion. Dkt. 122, ⁋⁋110-113. More specifically, however, while Collard maintained that his opinion did not have a sound, supported basis in forensic science, he "honestly" and "truly held the opinion and believed in the validity of the opinion," based on his experience.[75] Defendant Clark is entitled to qualified immunity, since Plaintiff alleges no facts to

---

[72] This is the only probable cause affidavit of an Individual Defendant referenced in Plaintiff's Complaint that may arguably be the basis of Plaintiff's implied *Franks* claim.

[73] *See supra*, at section F.2.d).

[74] Dkt. 121-1, p.59, n.128 (*Ex parte Cook*, 691 S.W.3d at 567); *see also* Dkt. 122, ⁋46 (Plaintiff refers to Mayfield as Linda Jo Edwards' ex-boyfriend).

[75] Exh. 1, "Page 16" ⁋12. The Court concluded, in relevant part:

> At all times Collard levelled with [the prosecutor] about his opinions. Collard did everything he could do to avoid misleading the jury and the court, except to have a confrontation with the prosecutor from the witness stand in the courtroom…The duty to ensure that neither the jury nor the court be misled as to the lack of scientific basis for Collard's expressed opinion as to the age of

support her conclusory assertion that Clark knowingly gave false *facts* by including Collard's honestly held *opinion*.[76]

Plaintiff alleges that Clark, along with Collard and unspecified "others," caused a hair sample to be destroyed after it was tested, but before Plaintiff had the opportunity to test it himself. *Id.*, ¶¶95-97. Plaintiff does not allege any facts indicating how Clark was involved in the hair's destruction, which did not occur until after Cook completed his sentence.[77] Moreover, Plaintiff does not allege specific facts sufficient to establish that Clark acted in bad faith.[78] This cannot be the basis for a malicious prosecution claim against Clark, and he is entitled to qualified immunity.

Plaintiff alleges that Clark, together with co-Defendant McLeroy and "the other Police Defendants" concealed evidence of the polygraph examination on Greg Smith from prosecutors and Plaintiff to clear Smith as a suspect. ¶¶103-4. Plaintiff does not allege any specific act Clark took to conceal evidence of McLeroy's polygraph examination of Smith. Moreover, Plaintiff cannot establish that if Clark did somehow conceal evidence of the polygraph examination, such

---

the prints devolved from Collard to the prosecutors, after Collard's insistence that the opinion he expressed be qualified in the respect he had requested.

*Id.*, Page 17, ¶15. Any misconduct was on the part of the prosecutors, not Collard, in holding his opinion. *Id.*, Page 18, ¶4. Further, any misconduct by the State "with respect to Collard's testimony was corrected by the full disclosure prior to [Cook's] third trial." *Cook v. State*, 940 S.W.2d 623, 628 (Tex. Crim. App. 1996).

[76] Plaintiff cannot show that, inclusion of an opinion, as opposed to a statement of fact, is sufficient to establish a so-called *Franks* violation.

[77] *See Ex parte Cook*, 691 S.W.3d at 582 (citing destruction per Tex. Code Crim. P. 38.43(c)(2) allowing for destruction of evidence after completion of sentence), at 557–59 (discussing Trial Court's Findings, Conclusions, and Recommendation); Exh. 2, at p.9-10, n.1 (describing Smith County officials authorizing permanent disposal of State exhibits, including the hair, 34 months after Cook's plea).

[78] *United States v. Lazar*, No. 1:20-CR-78(3), 2024 WL 1329908, at *5 (E.D. Tex. Mar. 26, 2024) ("A showing of recklessness, however, does not satisfy the level of culpability required to show bad faith in the context of spoliation in this circuit.") (citing, *Luxottica Grp., S.P.A. v. Ochoa's Flea Mkt., LLC*, No. 7:20-CV-00061, 2022 WL 836823, at *4 (S.D. Tex. Mar. 21, 2022) ("The Court holds that, while Defendants acted negligently or even recklessly in discarding vendor records, Defendants' culpability does not rise to bad faith."); *United States v. Thomas*, No. 22-60271, 2023 WL 1991573, at *1 (5th Cir. Feb. 14, 2023) (requiring intentional misconduct or deliberate action); *Rogers v. Averitt Express, Inc.*, 215 F. Supp. 3d 510, 518 (M.D. La. 2017) ("Numerous district courts within the Fifth Circuit have also found that, to constitute bad faith, the spoliating party must essentially act with the purpose of destroying the evidence.")).

concealment would support a malicious prosecution claim (or a so-called *Franks* violation) since, in Texas, since at least 1973, "the results of a polygraph test are inadmissible *for all purposes*."[79] Finally, Clark is entitled to qualified immunity for the additional reason that Plaintiff cannot show a violation of clearly established law when the Fifth Circuit found that, in 1992, there was no clearly established law for a "knowing failure to disclose testing."[80]

Additionally, applying the *Franks* framework to the alleged falsehoods and omissions, and assuming, *arguendo*, that misstatements are present or that relevant omissions were made and assuming the requisite intentionality or recklessness be found, the Court is to "consider the faulty affidavit as if those errors and omissions were removed," and "must examine the 'corrected affidavit' and determine whether probable cause for the issuance of the warrant survives the deleted false statements and material omissions."[81] Assuming *arguendo* the alleged information listed above was false and/or omitted and done so either intentionally or recklessly, if the affidavit was amended to remedy the alleged improper additions and omissions, a reasonable magistrate judge could still determine that there was probable cause. Therefore, the so-called *Franks* claim fails, and Clark and the other Individual Defendants are entitled to qualified immunity.

### 3.    Plaintiff's so-called *Franks* claim is not clearly established.

Plaintiff implies, but never explicitly mentioned, that the Supreme Court's decision in *Franks* created a civil cause of action.  It did not. The Supreme Court has never, in the many decades since it issued its opinion in *Franks*, expanded *Franks* beyond its explicitly limited scope. *Franks* created a limited procedural right which, in a proper circumstance, could be used

---

[79] *Nethery v. State*, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985) (emphasis in original) (*citing Crawford v. State*, 617 S.W.2d 925 (Tex. Crim. App. 1981); *Fernandez v. State*, 564 S.W.2d 771 (Tex. Crim. App. 1978); *Romero v. State*, 493 S.W.2d 206 (Tex. Cr. App. 1973)).
[80] *Hill v. Grassert*, 705 Fed. App'x 219, 222 (5th Cir. 2017).
[81] *Winfrey v. Rogers*, 901 F.3d 483, 495 (5th Cir. 2018) (quoting *Franks*, 438 U.S. at 156).

to enhance the exclusionary rule in criminal prosecutions. Despite the expansion of *Franks* by some intermediate courts, the Supreme Court has never ratified any of those expansions and the explicit limitations contained in the *Franks* opinion still apply.[82] *Franks* did not create a civil cause of action for damages and, at the very least, any expansion of *Franks* by some intermediate courts does not constitute "clearly established law" since such expansions have never been authorized by the Supreme Court. Therefore, the Individual Defendants are entitled to qualified immunity.

But even assuming, *arguendo*, that, despite the explicit limitations the Supreme Court placed on its decision in *Franks,* it somehow has now morphed into a civil cause of action, such a cause of action would contain a specific *mens rea* requirement which Plaintiff has not adequately alleged by means of specific factual allegations as opposed to the broad-brush approach of implicitly calling all of the "Police Defendants" a bigot. There are no specific facts to establish each specific Individual Defendant acted with intentionality or recklessness.

### 4. Malicious prosecution/fabrication claim not clearly established.

The Individual Defendants are entitled to qualified immunity on Plaintiff's malicious prosecution/fabrication of evidence claim for the additional reason that such a claim may not have been recognized at the time of Plaintiff's trials. In *Morgan v. Chapman*[83], the Fifth Circuit observed that "[t]his court recently announced that there is a 'due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person.'"[84] Therefore, while it presently is unlawful to use fabricated evidence to bring false charges against

---

[82] The Supreme Court listed six (6) separate reasons supporting its holding that *Franks* should be and is limited in its scope.  See *Franks,* 438 U.S. at 167-172.

[83] 969 F.3d 238 (5th Cir. 2020).

[84] *Id.* at 250, *citing Cole v. Carson*, 802 F.3d 752, 771 (5th Cir. 2015) ("*Cole* I"), cert. granted, judgment vacated sub nom. *Hunter v. Cole*, 137 S. Ct. 497, 196 L. Ed. 2d 397 (2016) and opinion reinstated in part, 935 F.3d 444 (5th Cir. 2018) (en banc).

a person, it had not been deemed to constitute a constitutional violation prior to *Cole v. Carson* in 2015. Likewise, there was no stand-alone malicious prosecution claim.[85]

The Fifth Circuit's recent decision in *Espinal v. City of Houston*,[86] is instructive. The Court determined that the defendant officers were entitled to qualified immunity from the plaintiff's malicious prosecution claim on the second prong of the qualified immunity analysis. Since the plaintiff "was arrested and indicted in 2020, when the constitutional malicious prosecution tort did not exist in our circuit…the officers could not possibly have violated clearly established law at the time."[87]

While Plaintiff may argue, per *Napue v. Illinois*, that "it is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment,"[88] this right is described at too high a level of generality.[89] Plaintiff cannot show that it is clearly established that a specific act(s) of each particular Individual Defendant under the specific circumstances was clearly critical to obtaining a conviction through false evidence and violated clearly established law.

## G.    Plaintiff's Substantive Due Process Claim Should Be Dismissed.

Plaintiffs' Fourteenth Amendment substantive due process claims should be dismissed for the additional reason that her alleged harm is covered by other constitutional provisions. Substantive due process "prevents the government from engaging in conduct that shocks the

---

[85] *See e.g.*, *Cuadra*, 626 F.3d at 812–13 (dismissing §1983 malicious prosecution claim as a matter of law, and explaining that in *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir.2003), the court held that a freestanding § 1983 claim based solely on malicious prosecution was not viable)

[86] 96 F.4th 741 (5th Cir. 2024); *see also Green v. Thomas*, No. 24-60314, 2025 WL 670451, at *5 (5th Cir. Mar. 3, 2025) (detective entitled to qualified immunity for malicious prosecution claim because he did not violate clearly established law).

[87] *Id.*, at 749.

[88] 360 U.S. 264, 269 (1959).

[89] *Edmiston*, 75 F.4th at 559. For example, in *Hernandez v. Terrones*, 397 Fed. Appx. 954, 970 (5th Cir. 2010), the Court distinguished the holding in *Good v. Curtis*, 601 F.3d 393 (5th Cir. 2010) that "a police officer's knowing efforts to secure a false identification by fabricating evidence or otherwise unlawfully influencing witnesses is not entitled to qualified immunity," where, in *Hernandez*, the improperly procured identifications did not impair the right to a fair trial because "it was not 'clearly critical' to the probable cause determination[.]"

conscience...or interferes with rights implicit in the concept of ordered liberty...”[90]  “As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended.”[91]  Thus, “[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.”[92]

Plaintiff's substantive due process claim is based on his alleged malicious prosecution—the same conduct for which he brings suit under the Fourth Amendment in Count II. As a basis of this cause of action, Plaintiff lists, in conclusory fashion, the same alleged conduct that makes the basis of his other causes of action: fabricating false evidence, withholding exculpatory evidence, providing false inculpatory evidence, and coercing false testimony and false statements, and, as a result, Plaintiff was wrongfully convicted and imprisoned.  Dkt. 122, ¶197.

The Fourth Amendment provides a direct, explicit source of Constitutional protection from unlawful seizure, and the Supreme Court has expressly held that there is no 14th Amendment substantive due process right to be free from unlawful arrest.[93]  Accordingly, Plaintiffs' due process claims should be dismissed.

Moreover, Plaintiff's suit does not fit within the very limited exception discussed in *Cole v. Carson*. *Cole* provides for a potential 14th Amendment claim when intentional fabrication of evidence exists to frame a person for a crime that the officer knows that the person did not

---

[90] *United States v. Salerno*, 481 U.S. 739, 746 (1987).
[91] *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).
[92] *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).
[93] *Albright v. Oliver*, 510 U.S. 266, 270-71 (1994); *see also Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 441-42 (5th Cir. 2015); *Cuadra*, 626 F.3d at 814.

commit.[94]  *Cole* itself distinguished cases like *Bosarge,* where the plaintiff made conclusory allegations that the officers knowingly or recklessly included false information in a warrant affidavit.[95]  Plaintiff's Complaint here is much more similar to the allegations in *Bosarge* than the allegations in *Cole*.[96]  Plaintiff's Complaint in this case is made up of conclusory allegations of unspecified "Police Defendants" "knowingly" or "intentionally" including false or misleading information in the warrant affidavit or other materials. Also, *Cole* involved a situation where law enforcement officers fabricated a criminal act when, in fact, no crime had been committed.  In the case at bar, it is undisputed that a serious criminal act occurred, distinguishing this case from *Cole*.[97]  Thus, like the plaintiff in *Bosarge*, Plaintiff failed to state a 14th Amendment claim.[98]

## H.    Plaintiff's Allegations Fail to State a Conspiracy Claim Against the Individual Defendants.

In order to make a civil conspiracy claim under §1983, a plaintiff must plead and establish five elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result."[99] To prevail on a Section 1983 conspiracy claim, the plaintiff must allege and prove (1) an agreement between the defendant and others involving at least one person acting under color of state law to commit an illegal act and (2) an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement.[100]

---

[94] *Cole v. Carson*, 802 F.3d 752, 772 (2015).

[95] *Id.* at 767.

[96] *See Bosarge* 796 F.3d at 442-44.

[97] *See e.g.*, *Hood v. McKinnon*, 2016 WL 4376517, at *11, n. 7 (S.D. Tex. 2016) (discussing the distinction between allegations of manufactured probable cause and the egregious facts alleged in *Cole*).

[98] *Cole* involved a very egregious set of facts and was intended to be limited in application.  In *most* 4th Amendment cases there will be allegations of false or misleading information. *Cole* was not intended to transform every 4th Amendment case into a 14th Amendment case by the mere addition of the word "fabricated" to the plaintiff's allegations.

[99]  *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)).

[100] *Hick v. Bexar Cnty., Tex.*, 973 F. Supp. 653, 676 (W.D. Tex. 1997), *aff'd sub nom. Hicks v. Bexar Cnty*., 137 F.3d 1352 (5th Cir. 1998) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir.1995), (holding that a civil rights conspiracy

A conspiracy claim requires an agreement "to commit an illegal act."[101] To support a conspiracy claim, "the plaintiff must allege facts that suggest an agreement between the defendants to commit an illegal act and an actual deprivation of constitutional rights."[102] "A conspiracy may be charged under section 1983…but a conspiracy claim is not actionable without an actual violation of section 1983."[103]

The court is not required to accept such terms as "conspiracy" as sufficient without more specific allegations.[104] A plaintiff who asserts a conspiracy claim must plead the "operative facts" showing an illegal agreement; "bald allegations" of an agreement do not suffice.[105] To move a claim from mere speculation to plausibility, plaintiffs must make "specific factual contentions regarding the nature of the conspiracy or the participants' roles in the same."[106]

---

is only actionable if an actual violation of Section 1983 resulted therefrom); *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir.1994), *cert. denied,* 513 U.S. 868 (1994); and *Pfannstiel v. City of Marion,* 918 F.2d 1178, 1187 (5th Cir. 1990)).

[101] *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); *accord Avdeef v. Royal Bank of Scotland, PLC*, No. 4:13-CV-967-O, 2014 WL 4055369, at *3 (N.D. Tex. Aug. 15, 2014), *aff'd*, 616 Fed. App'x 665 (5th Cir. 2015).

[102] *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021) (quoting *Cinel*, 15 F.3d at 1343 (cleaned up)).

[103] *Latiolais v. Cravins*, 484 Fed. App'x 983, 989 (5th Cir. 2012) (citing *Hale*, 45 F.3d at 920).

[104] *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) ("'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. §1983."); *see also Arsenaux*, 726 F.2d at 1024; *accord Iqbal*, 556 U.S. at 678 (recognizing need for factual allegations rather than legal conclusions or mere recitation of elements); *Twombly*, 550 U.S. at 555 (same).

[105] *Cooper v. City of Plano*, No. 4:10-CV-689, 2011 WL 4344303, at *5 (E.D. Tex. Aug. 19, 2011), *report and rec. adpt.*, 2011 WL 4344243 (E.D. Tex. Sept. 14, 2011) (*Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987)).

[106] A*vdeef v. Royal Bank of Scotland, P.L.C.*, 616 Fed. App'x 665, 675 (5th Cir. 2015) (per curiam); *see also McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) ("mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy."); *Powell v. Martinez*, 579 F. App'x 250, 252 (5th Cir. 2014) (per curiam) (quoting *McAfee*, 884 F.2d at 222); *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam) ("In § 1983 cases, our Court requires that the 'claimant ... state specific facts, not merely conclusory allegations.'" And we have "held that 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." (citations omitted)); *Aguocha-Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x 312, 315 (5th Cir. 2018) (per curiam) ("Because the Ohakwehs neither state a plausible claim to relief under § 1983, nor point to any facts plausibly supporting the existence of a conspiracy, the district court properly dismissed their constitutional claims."); *Blakely v. Kelly*, No. 3:16-CV-2801-K-BN, 2019 WL 2013808, at *14 (N.D. Tex. Apr. 15, 2019), *report and rec. adopted*, 2019 WL 2008543 (N.D. Tex. May 7, 2019).

Plaintiff has failed to state a conspiracy claim. Plaintiff's conclusory, collective allegations without reference to material facts of conspiracy are insufficient to state a claim.[107] Bald allegations of conspiracy are insufficient to avoid dismissal.[108] Plaintiff must plead each Defendant's personal involvement in the alleged violation of constitutional rights and must also plead why qualified immunity does not apply to each Defendant.[109] Global allegations or lumping defendants into groups in allegations does not suffice.[110] Attempts to impute to all defendants allegations against one defendant do not meet the applicable standard.[111] Plaintiff has failed to allege any facts to establish an agreement between defendants of different entities to commit an illegal act. Plaintiff does not allege any act of any Individual Defendant to engage in conspiracy. Plaintiff fails to plead any specific allegations sufficient to defeat each Individual Defendants' entitlement to qualified immunity.[112] Plaintiff's conspiracy claim should be dismissed.

---

[107] *Turner v. Upton County,* 967 F.2d 181, 186 (5th Cir. 1992), (holding that global allegations of conspiracy, unsubstantiated with any evidence supporting same, were insufficient to support an inference that a county official had conspired with a private party to plant evidence and maliciously prosecute the plaintiff); *Young v. Biggers,* 938 F.2d 565, 569 (5th Cir. 1991) (holding that civil rights conspiracy claims must include allegations of specific operative facts); *Pfannstiel,* 918 F.2d at 1187.

[108] *See Twombly*, 550 U.S. at 557; *Streetman v. Jordan*, 918 F. 2d 555, 557 (5th Cir. 1990); *Lynch v. Cannatella*, 810 F. 2d 1363, 1370 (5th Cir. 1987).

[109] The Court must analyze separately each Individual Defendant's entitlement to qualified immunity. When Defendants alleged to have engaged in a conspiracy are shown to be entitled to qualified immunity, no claim for a §1983 conspiracy exists. *Hale*, 45 F.3d at 921; *Mowbray v. Cameron County*, 274 F.3d 269, 279 (5th Cir. 2001); *see Iqbal*, 556 U.S. at 676; *Meadours*, 483 F.3d at 421-22; *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 395 (5th Cir. 2000); *Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 459 (W.D. Tex. 1999).

[110] *See Andrade*, at 459; *Rivera v. Kalafut*, No. 4:09cv181, 2010 WL 3701517, at *4 (E.D. Tex. June 15, 2010); *Cavit v. Rychlik*, No. H-09-1279, 2010 WL 173530, at *2 (S.D. Tex. Jan. 14, 2010).

[111] *DeLeon v. City of Dallas*, 141 Fed. App'x 258 at 261, 263 (5th Cir. 2005).

[112] If the Individual Defendants are entitled to qualified immunity for the underlying constitutional claims, they cannot be held liable for a conspiracy claim under Section 1983. *See Rodriguez v. Neeley*, 169 F.3d 220, 223 (5th Cir. 1999); *see also Pfannstiel*, 918 F.2d 1178, *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992) ("[o]nly if [the] state action is determined not to be objectively reasonable should [this court] look to whether the officer's actions were taken pursuant to a conspiracy.").

I.    **Plaintiff Fails to State a Failure to Intervene/Bystander Liability Claim Against the Individual Defendants, and They Are Entitled to Qualified Immunity.**

An officer may be liable under § 1983 under a theory of bystander liability where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."[113] Bystander liability requires the officer be on the scene of the alleged violation.[114] Even if a plaintiff can show that the officer was present, a bystander liability claim is not made unless the plaintiff also shows that the officer "acquiesced" in the conduct so as to functionally participate in the act itself.[115] There is no liability if an officer reasonably responds to a risk, even if the harm was "ultimately not averted."[116] Because this claim requires an evaluation of both subjective knowledge and objective reasonableness, the court must consider each officer's role in the alleged events.[117] It is improper to analyze the claim based upon the alleged role of an entire group of officers.[118]

First, Plaintiff does not identify which "one or more of the individual Defendants" this claim is alleged against. Dkt. 122, ¶214. Regardless, Plaintiff fails to allege facts sufficient to show that any particular Individual Defendant was present when a fellow officer was violating Plaintiff's constitutional rights, such that he (1) knew that another officer was violating Plaintiff's rights, and (2) had a reasonable opportunity to intervene to prevent the harm. Plaintiff's only allegations to that end are conclusory and pleaded in the collective. *See* Dkt. 122, ¶214.[119] Plaintiff fails to plead specific facts that both allow the court to draw the reasonable inference that each Individual Defendant is liable for the alleged harm and that defeat a qualified

---

[113] *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

[114] *Id.* at 647.

[115] *Id.* at 647.

[116] *Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)).

[117] *Longoria*, 473 F.3d at 593.

[118] *Id.*; *see also Ibarra v. Haris County*, 243 Fed. App'x 830, 835 (5th Cir. 2007).

[119] *Gentilello*, 627 F.3d at 544; *Iqbal*, 556 U.S. at 679; *Alexander*, 2023 WL 3961704, at *8–9.

immunity defense with equal specificity.[120] Plaintiff has failed to state a claim for bystander liability against any of the Individual Defendants and they are entitled to qualified immunity.

**J.      Plaintiff's Fifth Amendment Claim Should Be Dismissed.**

Under Count I, Plaintiff alleges that the Police Defendants violated Plaintiff's right to a fair trial guaranteed by the Fifth and Fourteenth Amendments. Dkt. 122, ¶182. The Fifth Circuit has held that "the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case."[121] Since Plaintiff has not pled that any of the Individual Defendants were federal actors, Plaintiff has failed to state a Fifth Amendment claim, and the Individual Defendants are entitled to qualified immunity.

**K.      Claims Barred by Statute of Limitations.**

This Court previously decided to preserve this case only because it found a plausible extension of the statute of limitations for malicious prosecution theories. Dkt.89, pp.7-12.[122] To the extent Plaintiff asserts any claim which is not malicious prosecution, which Cook seems to concede is all but part of Count II, those claims enjoy no such extension and are time-barred.

For example, Plaintiff alleges that unspecified Police Defendants caused Plaintiff to be seized and arrested without probable cause. *See e.g.*, Dkt. 122, ¶¶ 106, 146, 160, 163, 187-190. Such claims are time-barred. Dkt.89, pp.7-12.

---

[120] *Backe*, 691 F.3d at 648.

[121] *Perez v. Tex. A & M Univ. at Corpus Christi*, 589 Fed. Appx. 244, 248 (5th Cir. 2014); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir.1996) (citing *Richard v. Hinson*, 70 F.3d 415, 416 (5th Cir.1995)); *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."); *Hunt v. Mgmt. Training Corp.*, No. 6:20CV272, 2023 WL 4485948, at *3 (E.D. Tex. June 6, 2023), report and rec. adopted, 2023 WL 4466463 (E.D. Tex. July 11, 2023); *Hurlston v. City of Princeton, Tex.*, No. 4:13-CV-757-ALM, 2015 WL 12838785, at *9 (E.D. Tex. Dec. 30, 2015), report and rec. adopted, 2016 WL 231114 (E.D. Tex. Jan. 19, 2016), aff'd sub nom. *Hurlston v. City of Princeton*, 672 Fed. Appx. 335 (5th Cir. 2016).

[122] *See e.g.*, *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1098–99 (2007) (The *Heck* rule for deferred accrual of a tort only applies when there exists a conviction which success in that tort action would impugn).

**L.    In the Alternative, Plaintiff Should Be Required to File a Rule 8(a)(2) Reply Specifying the Factual Basis for Each Claim as to Each Individual Defendant.**

As pled, it cannot be gleaned what acts, if any, each Individual Defendant is alleged to have done in violation of Plaintiff's constitutional rights in Counts I-VI. Therefore, in the alternative, the Court should require Plaintiff to provide a more definite statement as to what facts he alleges would overcome each Individual Defendant's entitlement to qualified immunity.[123]

**M.    Motion to Stay All Discovery Pending Resolution of the Defendant's Entitlement to Qualified Immunity.**

While a defendant's assertion of qualified immunity is pending, courts cannot allow **any** discovery to take place.[124]  The Court should order a stay of all proceedings and all discovery in this case until the Individual Defendants' assertion of immunity, as well as the assertions of immunity in motions to dismiss of other defendants, are fully adjudicated.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Eddie Clark, Eric Liptak, Robert Bond, Gerald Hayden, Nelson Downing, Kenneth Findley, and Ronald Scott pray that the Court grant this motion and that all Plaintiff's causes of action against them be dismissed, with prejudice to the refiling of same; Defendant further prays that Plaintiff take nothing by this suit; that all relief requested by Plaintiff be denied; and  for such other and further relief, both general and special, at law or in equity, to which Defendants may show themselves  to be  justly entitled.

---

[123] *See* Dkt. 76, p.9 (*quoting Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016).

[124] *Carswell*, 54 F. 4th at 311; *Iqbal*, 556 U.S. at 684–686 (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other defendants would prejudice defendants who have asserted qualified immunity); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) for the proposition that discovery should not be allowed until the threshold question of qualified immunity is resolved); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *see also, e.g., Jackson v. City of Hearne*, 959 F.3d 194, 202 (5th Cir. 2020); *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Allen v. Hays*, 812 Fed. App'x 185, 194 (5th Cir. 2020); *Morris v. Cross*, 476 Fed. App'x 783, 785 (5th Cir. 2012).

Respectfully submitted,


/s/ Thomas P. Brandt
**THOMAS P. BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**JOHN D. HUSTED**
State Bar No. 24059988
jhusted@fhmbk.com
**CHRISTOPHER T. BRANDT**
State Bar No. 24095984
cbrandt@fhmbk.com
**FANNING HARPER MARTINSON**
**BRANDT & KUTCHIN**
A Professional Corporation
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANTS**
**CITY OF TYLER, EDDIE CLARK, ERIC LIPTAK,**
**ROBERT BOND, GERALD HAYDEN, NELSON**
**DOWNING, KENNETH FINDLEY, RONALD SCOTT,**
**AND FRED MAYO (DECEASED)**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served to all parties of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on the 7th day of March, 2025.


/s/ Thomas P. Brandt
**THOMAS P. BRANDT**