# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| KERRY MAX COOK, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:17-CV-333 |
| | § | |
| CITY OF TYLER, ET AL., | § | |
|     Defendants. | § | |

## DEFENDANT McLEROY'S ORIGINAL ANSWER & JURY DEMAND

NOW COMES Defendant Marvin McLeroy, by and through the Attorney General for the State of Texas, and submits this original answer and jury demand in response to Plaintiff's second amended complaint.

## ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in Plaintiff's second amended complaint except those expressly admitted herein.

2. Paragraphs 1-10 and 15 are not allegations that are "simple, concise, and direct."[1] To the extent that this section of the complaint is intended to be factual pleadings pertaining to Defendant, and not merely persuasive argument, all are denied.

3. Defendant lacks personal knowledge to admit or deny the allegations in Paragraphs 11-14. Defendant defers to the public record.

4. Defendant does not contest the jurisdiction of this Court to hear the claims asserted, nor does he contest venue.

---

[1] FED. R. CIV. P. 8(d)(1).

5. Defendant admits that at all times relevant to Plaintiff's claims he was employed by the Texas Department of Public Safety (DPS) as a polygraph examiner.

6. Defendant cannot admit or deny, but does not dispute, the identifying information provided by Plaintiff in Paragraphs 19-22 and 24-30.

7. Defendant admits that at all times relevant to Plaintiff's claims he was acting under color of law and within the scope of his employment.

8. Defendant lacks the personal knowledge to admit or deny the allegations asserted in Paragraphs 31-55.

9. To the extent that the improperly grouped allegations in Paragraph 56 include Defendant, they are denied. Defendant never "committed" to any such "idea."

10. Defendant lacks the personal knowledge to admit or deny the allegations asserted in Paragraphs 57-102. To the extent that Plaintiff makes allegations against "Police Defendants," McLeroy denies that he is part of any such group, and denies all allegations attributable thereto.

11. Paragraphs 103-105 are specifically denied. These allegations have no basis in fact.

12. Defendant lacks the personal knowledge to admit or deny the allegations asserted in Paragraphs 106-123. To the extent that Plaintiff makes allegations against "Police Defendants," McLeroy denies that he is part of any such group, and denies all allegations attributable thereto.

13. Paragraphs 124-126 are specifically denied. These allegations have no basis in fact.

14. Defendant lacks the personal knowledge to admit or deny the allegations asserted in Paragraphs 127-163. To the extent that Plaintiff makes allegations against "Police Defendants," McLeroy denies that he is part of any such group, and denies

all allegations attributable thereto.

15. Defendant lacks the personal knowledge to admit or deny the allegations in Paragraphs 164-167. Defendant defers to the public record.

16. Paragraphs 168-176 are not allegations that are "simple, concise, and direct."[2] To the extent that this section of the complaint is intended to be factual pleadings pertaining to Defendant, and not merely persuasive argument, all are denied.

17. The remainder of the second amended complaint is either legal argument or does not apply to Defendant, and therefore warrants no response.

18. Defendant admits that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983, but denies that such circumstances are present in this case.

19. Defendant denies that he deprived Plaintiff of any right, privilege, or immunity granted or secured by the Constitution, the laws of the United States, or the laws of the State of Texas.

20. Defendant asserts that any claim premised upon acts of negligence or mistake will not support a claim under 42 U.S.C. § 1983.

21. Defendant asserts that any claim premised upon vicarious liability, or that fails to demonstrate Defendant's direct personal involvement in a deprivation of federal rights, will not support a claim under 42 U.S.C. § 1983.

22. Defendant asserts that group pleadings – specifically, any pleadings against "Police Defendants" – are not recognized in the Fifth Circuit or under the Federal Rules of Civil Procedure, and any such pleadings fail to state a claim against Defendant.

---

[2] FED. R. CIV. P. 8(d)(1).

23. Defendant hereby asserts his entitlement to qualified immunity. Defendant asserts that at all times relevant to this cause of action, he acted in his official capacity as an employee of the Texas Department of Public Safety, and with good faith belief that his actions were proper under the constitutions and laws of the United States and the State of Texas.

24. Defendant asserts that the law applicable to facts giving rise to Plaintiff's claims was not clearly established at the time any alleged deprivation of federal rights occurred.

25. Defendant asserts that all claims asserted against him are barred by the applicable statute of limitations.

26. Defendant denies that Plaintiff is entitled to any of the relief demanded in his complaint, to include damages, attorney's fees, interest, or costs in any amount whatsoever.

27. Defendant asserts that this suit is without merit, and as such he is entitled to recover from Plaintiff the amount of any attorneys' fees and costs incurred in defending this suit. Defendant seeks to recover from Plaintiffs such attorneys' fees and costs expended by him in being required to defend this suit.

## JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendant respectfully demands a trial by jury on all issues triable thereto.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**BRIANA M. WEBB**
Acting Division Chief
Law Enforcement Defense Division

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157 (Phone No.)
(512) 370-9314 (Fax No.)

**ATTORNEYS FOR McLEROY**

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that a true and correct copy of the foregoing has been served on all parties by the Court's electronic noticing system on this the 4th day of September, 2025.

*/s/CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General