# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **KERRY MAX COOK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Case No. 6:17-cv-333-JDK** |
| | § | |
| **CITY OF TYLER, SMITH COUNTY,** | § | |
| **EDDIE CLARK, ERIC LIPTAK,** | § | |
| **DOUGLAS COLLARD, ROBERT** | § | |
| **BOND, GERALD HAYDEN, NELSON** | § | |
| **DOWNING, FRED MAYO, KENNETH** | § | |
| **FINDLEY, RONALD SCOTT, RONNIE** | § | |
| **MALLOCH, MARVIN T. McLEROY,** | § | |
| **STUART DOWELL, JAKE MASSEY,** | § | |
| **J.B. SMITH, and GENE CARLSON,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS EDDIE CLARK, ERIC LIPTAK, AND GERALD HAYDEN'S MOTION TO RECONSIDER

NOW COME Defendants Eddie Clark, Eric Liptak, and Gerald Hayden, and, pursuant to Fed. R. Civ. P. 59(e), file this their Motion to Reconsider the Court's Memorandum Opinion and Order [Dkt.184] and respectfully show the Court as follows:

## TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................................... I

INTRODUCTION.................................................................................................................. 1

RELEVANT BACKGROUND ............................................................................................. 2

   A.   RELEVANT PROCEDURAL BACKGROUND. .......................................................... 2

   B.   PLAINTIFF'S ALLEGATIONS AGAINST CLARK, LIPTAK, AND HAYDEN PER THE ORDER. 2

     1.   Allegations Found to Have Been Pled Against Clark. ................................. 2

     2.   Allegations Found to Have Been Pled Against Liptak. ............................... 3

3.   Allegations Found to Have Been Pled Against Hayden.................................. 4

**MOTION TO RECONSIDER MEMORANDUM OPINION AND ORDER** ........................ 4

A.   THE STANDARD FOR MOTIONS TO RECONSIDER. ................................................ 4

B.   THE RECORD IN THIS CASE AND IN THE UNDERLYING JUDICIAL RECORDS ESTABLISH THAT CLARK, LIPTAK, AND HAYDEN ARE ENTITLED TO QUALIFIED IMMUNITY. .................. 5

C.   THE COURT SHOULD RECONSIDER ITS DENIAL OF CLARK, HAYDEN, AND LIPTAK'S MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY. ......................................... 6

D.   IT'S "MALICIOUS PROSECUTION OR NOTHING." ................................................. 7

E.   CLARK, LIPTAK, AND HAYDEN ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S MALICIOUS PROSECUTION CLAIM. ..................................................... 7

1.   The Order failed to address whether Plaintiff's malicious prosecution claim was clearly established. .............................................................................................. 7

2.   Plaintiff Failed to Allege Sufficient Facts for Each Element of a Malicious Prosecution Claim Against Clark, Liptak, or Hayden. ................................... 11

F.   CLARK, LIPTAK, AND HAYDEN ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S DESTRUCTION OF EVIDENCE CLAIM. ............................................... 22

G.   CLARK, LIPTAK, AND HAYDEN ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S DUE PROCESS CLAIM. .................................................................... 24

1.   Clark is entitled to qualified immunity. .......................................................... 24

2.   Liptak is entitled to qualified immunity. .......................................................... 25

3.   Hayden is entitled to qualified immunity. ........................................................ 25

H.   CLARK, LIPTAK, AND HAYDEN ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S ILLEGAL DETENTION CLAIM. ............................................................ 26

I.   CLARK, LIPTAK, AND HAYDEN ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S CONSPIRACY CLAIM. ..................................................................... 28

**CONCLUSION** ...................................................................................................... 30

# INTRODUCTION

Defendants Eddie Clark ("Clark"), Eric Liptak ("Liptak"), and Gerald Hayden ("Hayden") (collectively, "Individual Defendants" or "Defendants") respectfully request that, in order to correct manifest errors and to prevent manifest injustice, the Court reconsider its Memorandum Opinion and Order (hereinafter, "the Order") denying, in part, their Motions to Dismiss, and grant dismissal of Plaintiff's remaining claims asserted against the Individual Defendants based on their entitlement to qualified immunity.[1]

The Order correctly dismissed Plaintiff's substantive due process and failure to intervene claims, and correctly found that Plaintiff's collective pleadings were improper and should not be considered. The Order went on, however, to conclude that Plaintiff overcame the collective pleadings bar as to Clark, Liptak, and Hayden and then erroneously denied qualified immunity on that basis. The Order failed to adjudicate whether the Complaint alleged facts to establish each element of each remaining causes of action against Clark, Liptak, and Hayden to overcome their entitlement to qualified immunity. The Order states that the Individual Defendants sought dismissal for various non-qualified immunity reasons, and then proceeded to analyze the Complaint only under a Rule 8 standard. This is incorrect. Defendants are seeking dismissal as to *both* prongs of the qualified immunity analysis, i.e., (1) there was not a constitutional violation actionable under §1983 committed by Clark, Liptak, and Hayden, and (2) it was not clearly established at the time of their alleged violative act(s). The Court should reconsider and revise the

---

[1] Defendants file this Rule 59(e) Motion within 28 days of the Court's August 21, 2025 Memorandum Opinion and Order. Under Fed. R. App. P. 4(a), this tolls the thirty-day period for Defendants to notice an appeal of the Order. *Mangieri v. Clifton*, 29 F.3d 1012, 1015, n.5 (5th Cir. 1994); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.) (*en banc*), *cert. denied*, 479 U.S. 930 (1986); *Vincent v. City of Sulphur*, 805 F.3d 543, 546–47 (5th Cir. 2015). Out of an abundance of caution and in the alternative, in the unlikely event that the Court determines that this Motion does not automatically toll the appeal deadline, Defendants respectfully move the Court to grant an extension of their deadline to appeal to a date at least 14-days after the Court enters its order on this Motion.

Order, apply the correct qualified immunity analysis, and find, as shown herein, that Clark, Liptak, and Hayden are entitled to qualified immunity from Plaintiff's remaining claims against them.

**RELEVANT BACKGROUND**

**A.      Relevant Procedural Background.**

On March 7, 2025, the Individual Defendants Eddie Clark, Eric Liptak, Robert Bond, Gerald Hayden, Nelson Downing, Kenneth Findley, and Ronald Scott filed their Motion to Dismiss, asserting, in relevant part, that they are entitled to qualified immunity from each of Plaintiff's claims against them. Dkts. 146, 146-1, 146-2, 146-3.

On April 4, 2025, Plaintiff filed his Response to the Motions to Dismiss. Dkt. 157.

On May 2, 2025, Defendants filed their Reply. Dkts. 164, 164-1, 164-2, 164-3.

On August 21, 2025, the Court entered its Memorandum Opinion and Order ("the Order"). Dkt. 184. The Court dismissed Plaintiff's substantive due process claim (Count III) and failure to intervene claim (Count VI). *Id.*, p.29. The Court effectively denied dismissal of all of Plaintiff's remaining causes of action against the officers - violation of due process (Count I), illegal detention/malicious prosecution (Count II), destruction of evidence (Count IV), and conspiracy to deprive constitutional rights (Count V) – with respect to Clark, Liptak, and Hayden, *See Id.*, p. 29.

**B.      Plaintiff's Allegations Against Clark, Liptak, and Hayden Per the Order.**

The Court's Order correctly confirmed that Plaintiff's group pleadings are insufficient and should be disregarded but went on to mistakenly conclude that Plaintiff alleged facts against Clark, Liptak, and Hayden were sufficient to defeat qualified immunity.

**1.      Allegations Found to Have Been Pled Against Clark.**

The Order states that there are "several specific instances supporting Cook's claims" against Clark, identifying two portions of Plaintiff's Complaint: (1) Paragraphs 90-93 and (2) Paragraphs 158-59. Dkt.184, pp10-11. The Order interprets these portions of the Complaint to

allege two acts of wrongdoing: (1) in a June 13, 1977 Police Report regarding his interview of Paula Rudolph, Clark "left out James Mayfield's name and every aspect of Rudolph's description of the person she saw;" and (2) an August 4, 1977 affidavit for an arrest warrant for Cook executed by Clark included Collard's opinion that Cook's fingerprints were left at the time of the murder.

Regarding this first alleged act [¶¶90-93], the Order indicates that Plaintiff alleged that Clark "left out James Mayfield's name and every aspect of [the witness's] description of the person she saw in Edwards's room that matched James Mayfield" [Dkt. 184, p.10] and that "Clark interviewed Edwards's roommate Paula Rudolph after the murder, that Rudolph described seeing Edwards's former boyfriend James Mayfield at the crime scene, that Clark left this information out of his interview report because Defendants 'had committed to pinning the murder on a gay man,' and that Defendants withheld Rudolph's statement about Mayfield from Cook and did not make it 'available to [him] at trial.'" Dkt.184, pp10-11.

Regarding the second alleged act [¶¶158-159], the Order indicates that Plaintiff alleges that Clark falsely "swore out an affidavit to arrest and charge [Cook] with Edwards' rape and murder," which "included the knowingly false, fabricated claim" that Cook's "fingerprints were left [at the crime scene] at the time of the murder." Dkt.184, p.10.[2] The Order does not identify any other allegation or portion of Plaintiff's Complaint as being a well-pled allegation against Clark.

### 2. Allegations Found to Have Been Pled Against Liptak.

The Order identifies Paragraphs 133-134 from the Complaint as raising a specific allegation against Liptak. *See* Dkt. 184, p.10, 13-14. The Order identifies Plaintiff's allegations that Liptak "worked with" former defendant Robert Wickham to "'create false documents claiming that, years earlier, [Cook] confessed to Edwards' murder'" and that Liptak "'communicated this

---

[2] Importantly, the Order does not find that any information allegedly left out of the affidavit was a violation.

false information to the prosecutor's office before trial[.]'" *Id.* p.10 (quoting Dkt. 122, ¶¶133, 134). The Order identifies Plaintiff's allegation that this was a fabricated confession that "'was one of the bases upon which the prosecutor pursued the false case against [Cook].'" *Id.* The Complaint did not contain, and the Order does not identify, any allegation of how Liptak knew Wickham's testimony was false, what action(s) Liptak took to "work with" Wickham, what that "work" entailed, nor how Liptak allegedly "communicated this false information to the prosecutor." The Order does not identify any other part of the Complaint as a well-pled allegation against Liptak.

Importantly, in Response, Plaintiff did not identify, and the Order also did not identify, that "false documents" referred to anything other than Wickham's affidavit prepared in anticipation of his trial testimony, which is covered by absolute immunity. *See* Dkt. 89, pp.19-22.

### 3. Allegations Found to Have Been Pled Against Hayden.

The Order identifies Paragraphs 83 and 87 from Plaintiff's Complaint as making a specific allegation against Hayden. The Order states that "Hayden allegedly concealed a police report in which he described an alternative suspect as 'mentally and emotionally unstable, very hyper, and a pathological liar.'" Dkt. 184, p.10 (quoting Dkt. 122, ¶¶83, 87); *see also*, p.14 ("Then, Cook claims, Hayden concealed his report."). The Complaint did not contain, and the Order does not identify, any allegation of Hayden committing an act to "conceal" his report. The Order does not identify any other portion of the Complaint as a well-pled allegation against Hayden.

### MOTION TO RECONSIDER MEMORANDUM OPINION AND ORDER

### A. The Standard for Motions to Reconsider.

"Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order."[3]

---

[3] *Lucarino v. Con-Dive, LLC*, No. H-09-2548, 2010 WL 2196233, at *1–2 (S.D. Tex. May 27, 2010) (citing *Steadfast Ins. Co. v. SMX 98, Inc.*, No. 06–2736, 2009 WL 3190452 (S.D.Tex. Sept.28, 2009)). The thirty-day period to appeal

To prevail on a motion for reconsideration pursuant to Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[4] Courts consider the following factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law.[5]

### B.    The Record in this Case and in the Underlying Judicial Records Establish that Clark, Liptak, and Hayden Are Entitled to Qualified Immunity.

The Court should reconsider and revise the Order, because, in adjudicating the Motions to Dismiss, the Court mistakenly limited its consideration to Plaintiff's conclusory group pleadings alone and without referencing materials already in the record in this case or in the underlying judicial proceedings, including those specifically referenced in Defendants' Motion to Dismiss briefing.[6] The Court may rely on judicial opinions, as well as official, publicly available court documents, including those that Plaintiff has referenced or already put into the record in this case.[7] The Complaint and Order also relied upon portions of the Texas Court of Criminal Appeals 106-page Opinion ("the Opinion"). Since Plaintiff relies on the 106-page Opinion, he is bound by the entirety of it, not just cherry-picked portions.[8] To the extent that the Court refers to the Opinion, it

---

an interlocutory order on a motion to dismiss based on qualified immunity under Fed. R. App. P. 4(a)(4), is tolled if any party makes a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59, and "The thirty day period for filing a notice of appeal does not begin to run until the district court enters an order disposing of the motion for reconsideration." *Mangieri*, 29 F.3d at 1015, n.5; *Vincent*, 805 F.3d at 546–47. Defendants reserve their right to seek a timely interlocutory appeal in the even this Motion for Reconsideration is denied in whole or in part.

[4] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted)

[5] *Disedare v. Brumfield*, No. CV 22-2680, 2024 WL 1514650, at *2 (E.D. La. Apr. 8, 2024).

[6] *See* Dkts. 146-2, 146-3, 164-1, 164-2, 164-3.

[7] *Rome v. HCC Life Ins. Co.*, 323 F. Supp. 3d 862, 866–67 (N.D. Tex. 2018); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007); *Norris v. Hearst Trust*, 500 F.3d 457, 461, n.9 (5th Cir. 2007); *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 372, n.3 (5th Cir. 1995);

[8] The Opinion, however, cannot be binding on the remaining Defendants. None of the remaining Defendants were parties to that proceeding; and the proceeding was not fully litigated. The Opinion is binding upon the State of Texas only in the context of the remedies available from the State of Texas under the Tim Cole Act.

should consider the entire opinion and not simply to its sweeping conclusions. Had the Order properly taken into consideration Defendants exhibits, materials in the record in this case, and judicial records from Plaintiff's underlying criminal proceedings, especially where the Complaint's allegations alone are too vague and conclusory, it would have concluded that Clark, Liptak, and Hayden are entitled to qualified immunity.

### C. The Court Should Reconsider its Denial of Clark, Hayden, and Liptak's Motion to Dismiss Based on Qualified Immunity.

In addressing the Individual Defendants' Motion to Dismiss based on qualified immunity, the Order correctly found that Plaintiff's improper group pleadings are insufficient to state a claim, and agreed that the claims against individual Defendants Smith, Bond, Findley, Downing, Scott, and Mayo must be dismissed on that basis. Dkt .184, p.7. With respect to Defendants Clark, Liptak, and Hayden, however, the Order mistakenly concluded that the allegations "sufficiently state their personal involvement in the various violations against Cook." *Id.*, p.8. The Court stated that Plaintiff's allegations against Clark, Liptak, and Hayden, were "sufficient to overcome the 'group pleading' problem," and that they "are not entitled to qualified immunity *based on a group pleading theory*." Dkt.184, p.10, p.11 (emphasis added). Defendants' entitlement to dismissal for qualified immunity, however, is not based solely on Plaintiff's improper group pleading. The Order incorrectly stopped there, and did not conduct a full qualified immunity analysis. The Order incorrectly concluded that Defendants sought dismissal only on non-qualified immunity grounds, and only analyzed the Complaint under Rule 8. The Order did not specifically address whether Plaintiff had alleged sufficient facts against each of these three Individual Defendants as to each element of each of Plaintiff's remaining causes of action.[9] As shown herein, Plaintiff did not.

---

[9] (1) violation of due process (Count I); (2) illegal detention (Count II); (3) malicious prosecution (Count II); (4) destruction of evidence (Count IV); and (5) conspiracy (Count V).

### D. It's "Malicious Prosecution or Nothing."

Since the Order found that Plaintiff did not attempt to plead a claim under *Franks v. Delaware*,[10] recent Fifth Circuit precedent indicates that Plaintiff's allegations should be analyzed only under the malicious prosecution standard. The Fifth Circuit recently declared: "when it comes to tort damages for a tainted criminal proceeding, ***it's malicious prosecution or nothing.***"[11] Following *Wilson*, Plaintiff's due process claims against Defendants arising from an alleged tainted criminal proceeding based on any cause of action other than malicious prosecution (i.e., Plaintiff's remaining due process, illegal detention, destruction of evidence and conspiracy claims), should be dismissed for failure to state a claim and because Clark, Liptak, and Hayden are entitled to qualified immunity from those claims on this basis. As shown herein, Defendants are entitled to qualified immunity from Plaintiff's malicious prosecution claim. Assuming, *arguendo*, that Plaintiff's other claims should remain despite *Wilson*, Defendants are still entitled to qualified immunity from those claims as shown herein.

### E. Clark, Liptak, and Hayden are Entitled to Qualified Immunity from Plaintiff's Malicious Prosecution Claim.

The Court should reconsider its Order refusing to fully adjudicate Clark, Liptak, and Hayden's entitlement to qualified immunity from Plaintiff's malicious prosecution claim. *See* Dkt. 184, p.12, n.3. Clark, Liptak, and Hayden are entitled to qualified immunity from a malicious prosecution claim.

#### 1. The Order failed to address whether Plaintiff's malicious prosecution claim was clearly established.

The Order failed to address Defendants' entitlement to qualified immunity and incorrectly shifted to Defendants Plaintiff's burden of establishing that a right was clearly established.

---

[10] 438 U.S. 154 (1978).
[11] *Wilson v. Midland Cnty., Tex.*, 116 F.4th 384, 393 (5th Cir. 2024) (emphasis added).

First, instead of considering whether Plaintiff met his burden to identify applicable Supreme Court precedent establishing a right to be free from malicious prosecution that was clearly established at the time, the Court instead mistakenly implied that this question was not raised, and so it would not reach that question. Dkt. 184, n.3 ("Because the parties do not address whether the right to be free of malicious prosecution was clearly established in 1977, the Court does not reach that question."). Plaintiff, however, was the party bearing the burden to identify the existence of clearly established law in response to Defendants' Motion to Dismiss.[12] A defendant's assertion of the defense of qualified immunity in a motion to dismiss puts the burden on the plaintiff to identify Supreme Court precedent showing that, with a high degree of specificity, the defendant's alleged act violated a constitutional right.[13] Plaintiff did not identify any Supreme Court case law indicating that that the particular alleged acts of officers Clark, Liptak, and Hayden violated a right to be free of malicious prosecution that was clearly established in 1977. By its incorrect finding that Defendants did not challenge Plaintiff's malicious prosecution claim and its decision not to consider the issue, the Order has the effect of improperly shifting the burden regarding the second prong of qualified immunity to Defendants. It is Plaintiff's burden to identify the clearly established law to defeat qualified immunity.[14] Since the Court found Plaintiff failed to

---

[12] "The plaintiff carries the burden of demonstrating that qualified immunity is inappropriate." *Green v. Thomas*, 129 F.4th 877, 883 (5th Cir. 2025) (citing *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021) (citation omitted)).

[13] *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) ("The Court of Appeals made additional errors in concluding that its own precedent clearly established that Kisela used excessive force. To begin with, 'even if' a controlling circuit precedent could constitute clearly established…law in this circumstances,' it does not do so here."); *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) ("a clearly established right, for purposes of qualified immunity, is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.").

[14] "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). When an official asserts qualified immunity, "[i]t is the plaintiff's burden to demonstrate that qualified immunity is inappropriate." *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (alteration in original) (citation omitted).

address whether the right to be free from malicious prosecution was clearly established in 1977, Defendants should be granted dismissal based on qualified immunity.

Second, Defendants' Motion to Dismiss did, in fact, challenge Plaintiff's ability to meet the second prong of qualified immunity as to his malicious prosecution cause of action, albeit concurrently and in conjunction with their challenge to Plaintiff's fabrication of evidence cause of action on the same point.[15] Though it was not their burden to do so, Defendants cited to case law showing that a malicious prosecution claim was not recognized in this circuit at relevant times.[16]

The Order should also reconsider its finding that Plaintiff's fabrication of evidence (and/or malicious prosecution claim) was distinguished from cases finding there was no clearly established right (citing *Morgan* and *Cole*) on the basis that, in this case, Plaintiff was not only charged but was convicted and sentenced. Defendants contend that this difference between this case and *Morgan* and *Cole* is not relevant, as it does not appear that the Fifth Circuit at the time concluded that §1983 malicious prosecution claims are viable under these circumstances. Also, the Order did not address *Castellano v. Fragozo,* 352 F.3d 939 (5th Cir.2003) [*see* Dkt.146 (Defendant's Motion to Dismiss, p.22, n.85)], which determined there was no viable federal malicious prosecution claim under §1983 against the defendant officer, *even where the plaintiff in that case was convicted and sentenced.*[17] Also, not all alleged constitutional wrongdoing is actionable under §1983. For

---

[15] *See* Dkt. 146, p.21 ("The Individual Defendants are entitled to qualified immunity on Plaintiff's **malicious prosecution**/fabrication of evidence claim…") (emphasis added).

[16] *Id.* (citing *Morgan v. Chapman*, 969 F.3d 238 (5th Cir. 2020) (*citing Cole v. Carson*, 802 F.3d 752, 771 (5th Cir. 2015) ("*Cole* I"), cert. granted, judgment vacated sub nom. *Hunter v. Cole*, 137 S. Ct. 497 (2016) and opinion reinstated in part, 935 F.3d 444 (5th Cir. 2018) (en banc)); *Espinal v. City of Houston*, 96 F.4th 741 (5th Cir. 2024); *Green v. Thomas*, No. 24-60314, 2025 WL 670451, at *5 (5th Cir. Mar. 3, 2025) (detective entitled to qualified immunity for malicious prosecution claim because he did not violate clearly established law); *Cuadra*, 626 F.3d at 812–13 (dismissing §1983 malicious prosecution claim as a matter of law); *Castellano v. Fragozo,* 352 F.3d 939 (5th Cir.2003)).

[17] Even though *Castellano* was later effectively overruled by *Thompson v. Clark*, 596 U.S. 36 (2022), the *Castellano* decision shows, at the very least, that there was a split in the Circuits, and, therefore, not a clearly established right. *Id.*, at 949 (citing *Thacker v. City of Columbus,* 328 F.3d 244, 258–59 (6th Cir.2003) (noting that some panels do not recognize a § 1983 malicious prosecution claim); *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir.2000) ("It is well established in this circuit that an action for malicious prosecution by itself is not punishable under § 1983

instance, a state actor's unauthorized deprivation of a constitutional interest cannot be challenged under §1983 so long as the State provides an adequate post-deprivation remedy.[18] The fact that Texas common law provided an adequate post-deprivation remedy with the tort of malicious prosecution, further shows that there was no clearly established federal constitutional right to be free from malicious prosecution. As such, Plaintiff cannot show that it was clearly established that Clark, Liptak, and Hayden's respective alleged acts violated a clearly established right under §1983 for malicious prosecution (and fabrication of evidence).

Also, to find a right that was clearly established at the time in 1977, the Order mistakenly relies on criminal, not civil, cases. That is, the cases the Court relies upon only show a constitutional violation in the context of a criminal case, and not a §1983 claim for damages. See Dkt. 184, p.12 (citing *Luna v. Beto*, 391 F.2d 329 (5th Cir. 1967); *Napu v. Illinois*, 360 U.S. 264 (1959)).[19] The Supreme Court and the Fifth Circuit have both emphasized that §1983 does *not* provide a remedy for all constitutional violations.[20] Thus, it was not clearly established at the time that Clark, Liptak, and Hayden could be sued for damages under §1983 for their alleged wrongdoing.[21]

---

because it does not allege a constitutional injury."); *see also*, *Albright v. Oliver*, 510 U.S. 266 (1994) (holding no claim under § 1983 for malicious prosecution based on asserted Fourteenth Amendment substantive due process right to no prosecution without probable cause); *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1188 (5th Cir. 1978) ("Since we conclude that the allegation here [misuse of legal procedure, including "malicious prosecution"] does not establish a wrong for which Section 1983 provides a remedy, we affirm."); *Santander v. Salazar*, 133 F.4th 471, 482 (5th Cir. 2025) ("Before 2022, our court did not recognize a federal claim for malicious prosecution at all.")

[18] *Ingraham v. Wright,* 430 U.S. 651, 674–682 (1977).

[19] The Order's reliance on *Luna* is further insufficient to show that the right was clearly established, because it is only a single Fifth Circuit case, not Supreme Court precedent or "a body of relevant case law—in which an officer acting under similar circumstances was held to have violated the constitution." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018); *see also Plumhoff v. Rickard*, 572 U.S. 765, 780-81 (Explaining that "The District Court cited only a single case decided between 1999 and 2004 that identified a possible constitutional violation by an officer who shot a fleeing driver, and the facts of that case … bear little resemblance to those here.").

[20] *Wilson*, 116 F.4th at 403-4 (citing *Heck*, 512 U.S. at 490, n.10; *Spencer*, 523 U.S. at 17 ("This is a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available.")

[21] See also *Pina v. Estate of Dominguez*, 145 S. Ct. 527, 527 (2025) (ALITO, J., dissenting) ("Needless to say, a judicial decision postdating an official's alleged misconduct is of no use in determining what was 'clearly established' at the time.").

## 2. Plaintiff Failed to Allege Sufficient Facts for Each Element of a Malicious Prosecution Claim Against Clark, Liptak, or Hayden.

Assuming, *arguendo*, that Plaintiff could pursue a malicious prosecution claim under §1983 for alleged acts committed in 1977 (or 1991 for Liptak), Plaintiff still failed to allege facts sufficient to meet each element of the claim against each Individual Defendant.

"A party asserting a § 1983 malicious prosecution claim must prove an unlawful Fourth Amendment seizure and substantiate the following six elements: '(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.'"[22]

"[I]f the prosecution is supported by probable cause on at least one charge, then a malicious prosecution claim cannot move forward."[23] Probable cause is not a high bar.[24] Probable cause is a "'practical, nontechnical conception' that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'"[25] It depends on the particular factual contexts, and  is "'not readily, or even usefully, reduced to a neat set of legal rules.'"[26] Instead, courts must look to the "totality of the circumstances" and decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer" demonstrate "a probability or substantial chance of criminal activity."[27]

---

[22] *Santander v. Salazar*, 133 F.4th 471, 482 (5th Cir. 2025) (citing *Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023) (citation omitted)); see also, *Thompson v. Clark*, 212 L. Ed. 2d 382, 142 S. Ct. 1332, 1338 (2022).
[23] *Armstrong*, 60 F.4th at 279.
[24] *District of Columbia v. Wesby*, —— U.S. ——, 138 S. Ct. 577, 586 (2018).
[25] *Terwilliger*, 4 F.4th at 282 (quoting *Maryland v. Pringle*, 540 U.S. 366, 370 (2003)).
[26] *Id.* at 371, 124 S. Ct. at 800 (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).
[27] *Terwilliger*, 4 F.4th at 282 (quoting *Wesby*, 138 S. Ct. at 586)

Simply making conclusory assertions that "Police Defendants" acted without probable cause is insufficient.[28] Plaintiff failed to allege facts sufficient to establish that the suit was instituted without probable cause. In fact, Plaintiff's Complaint includes allegations establishing probable cause. It is undisputed that Plaintiff's fingerprints were found on the sliding door of Edwards and Rudolph's apartment. Plaintiff admits that in the morning after Edwards was murdered, Rudolph found the patio door open. Dkt. 122, ¶50. While it is disputed who Rudolph saw, it is undisputed that she saw a man in Edwards' room the night of the murder. *Id.*, ¶46. It is undisputed that witnesses testified to Plaintiff pointing out Edwards's window.[29] It is undisputed that Plaintiff was out at the apartment complex, at least during a portion of the night of the murder. The record shows that Plaintiff himself swore under oath to stipulations that confirmed his guilt, let alone that there was probable cause. Dkt. 60-6, p.5.

The 106-page Opinion did not find that probable cause was lacking at any time, and no Court in the history of this case found that there was no probable cause to arrest. Plaintiff improperly rests on the Texas Court of Criminal Appeals' "actual innocence" finding (an opinion issued in a non-adversarial proceeding in which none of the Defendants were parties, and that is binding only on the State of Texas), as if it undermined the existence of probable cause from the beginning. It did not. Even assuming, *arguendo*, that Plaintiff could show actual innocence, innocence does not equate to a lack of probable cause to arrest and/or prosecute.

Plaintiff failed to allege facts of malice on the part of Clark, Liptak, or Hayden. The Complaint contained no facts showing that any of them had a malicious motive in instituting the suit. Regarding Clark, the Order pointed out that Plaintiff alleged that "Police Defendants" were "committed to pinning the murder on a gay man." Dkt. 184, p.10 (citing Dkt. 122, ¶91)]. This,

---

[28] *Twombly*, 550 U.S. at 570.
[29] Dkt. 121-1, p.35.

however, is an insufficient, unsupported, conclusory assertion.[30] Plaintiff alleged no facts indicating that Clark himself (nor Liptak nor Hayden) "had committed to pinning the murder on a gay man," let alone that they had a malicious intent when they committed the alleged personal acts identified in the Order.[31] Plaintiff's conclusory, generalized pleading that the Police Defendants wrongfully wished to pin the murder on a gay man does not constitute a well pled fact against Clark, Liptak, or Hayden. Pinning this collective allegation of animus on the three individuals directly contradicts the Order's otherwise correct conclusion that Plaintiff's group pleadings were improper. There is absolutely no well-pled fact to pin this allegation of animus on Clark, Liptak, or Hayden. Nor does the Opinion provide for such a finding. Such a finding is contrary to the proper qualified immunity analysis that requires the plaintiff to allege sufficient facts to establish each element against the particular individual Defendant.[32] It is also contrary to the Supreme Court's long-standing rule that state actors are entitle to a presumption that their actions turn on constitutionally legitimate motivations rather than impermissible animus.[33] Since Plaintiff failed to allege facts of this required element of the claim against Clark, Liptak, and Hayden, they are each entitled to qualified immunity.

---

[30] *Twombly*, 550 U.S. at 570.

[31] Plaintiff alleges no facts indicating that Clark himself was committed to falsely pinning the murder on a gay man at the time he completed his report on June 13, 1977 or swore out the affidavit on August 4, 1977. Plaintiff alleges no facts indicating that Hayden was so committed at the time he completed and turned over his report on Louella Mayfield. Plaintiff alleges no facts indicating Liptak was so committed at the time he allegedly "worked with" Wickham to prepare his affidavit in anticipation of testifying in 1991.

[32] Under §1983, the conduct of each defendant official must be considered individually. *Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007) (citing *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999)); *see also Cope v. Cogdill*, 3 F.4th 198, 207 n.7 (5th Cir. 2021); *Shefeik v. Busby*, 836 F. App'x 315, 317 n.1 (5th Cir. 2021) ("We consider qualified immunity as to each defendant individually." (citations omitted)).

[33] *See United States v. Skrmetti*, __ U.S.__, 145 S. Ct. 1816, 1854 (2025) (June 18, 2025) (concurrence by Barrett, J.) ("And state actors are entitled to a presumption that their actions turn on constitutionally legitimate motivations rather than impermissible animus.") (citing *Schilb v. Kuebel*, 404 U.S. 357, 364 (1971)).

### a) Hayden is entitled to qualified immunity.

With regard to Hayden, Plaintiff cannot show that he was involved in instituting the suit, or that he committed an act without probable cause. The only act of Hayden is his alleged "concealing" of his report about Louella Mayfield. Dkt. 184, pp.10, 14 (Dkt. 122, ¶¶ 83, 87). Plaintiff's allegation that Hayden "concealed" his report is conclusory and vague. There is no factual allegation sufficient to establish that Hayden concealed information about Mayfield's daughter. Plaintiff does not allege any specific act of Hayden made in furtherance of "concealing" his report. The Court should consider prior judicial opinions from Plaintiff's underlying criminal proceedings. It has already been established that "the district attorney [not Hayden] did not reveal this information to appellant until 1991."[34] "The district courts found that the State" was "in possession of this information" in 1977.[35] It is clear Hayden filed his report—how does that translate to concealing the information contained in the report? Plaintiff's vague, conclusory allegation of "concealing," without any allegation of an act to conceal, is insufficient, especially since case law confirms that Hayden did not conceal his report from prosecutors. Hayden is entitled to qualified immunity.

### b) Liptak is entitled to qualified immunity.

With regard to Liptak, Plaintiff cannot show that he was involved in instituting the suit. Indeed, Plaintiff did not allege that Liptak was an officer at the time of Plaintiff's arrest. The only acts Liptak is alleged to have done, "working with" Wickham to develop false documents (Wickham's affidavit) and communicating it to the prosecutor, would not have occurred until years

---

[34] *Cook v. State*, 940 S.W.2d 623, 625–26 (Tex. Crim. App. 1996).
[35] *Cook*, 940 S.W.2d at 631 (Baird, concurring and dissenting); *see also* 940 S.W.2d at 630, n.5 and 638, n.13 (concluding that misconduct in Cook's previous trials was not by police, but by "members of the bar").

after Plaintiff had already been convicted. It would be absurd to suggest there was no probable cause at that time, where the criminal courts had already determined that the case could be retried.

Plaintiff's vague Amended Complaint does not identify what "documents" were false, or how Liptak allegedly contributed to their creation, or that Liptak contributed something to the documents that he knew was false. The only document on which Plaintiff's claim can possibly be based is Wickham's Affidavit, which Plaintiff filed in the record of this case at Dkt. 69-4.[36] *See also*, Dkt.89, pp.19-22 (Court's Order granting, in part, Wickham's motion for summary judgment). The Court determined that Wickham's affidavit is afforded absolute immunity, because it was merely a reduction of his oral testimony and was created immediately prior in preparation for trial. *Id.*, pp.21-22. Based on these facts, Liptak, at most, is alleged to have "worked with" Wickham in reducing to writing his testimony in anticipation of trial, which this Court has found is protected by absolute immunity. Liptak should be entitled to qualified immunity where the Court has already determined that the affidavit is covered by absolute testimonial immunity.

Additionally, the 106-page Opinion that Plaintiff relies upon discusses Wickham's Affidavit. *See* Dkt. 121-1, p.91. The discussion should be considered in adjudicating Defendants' Motion to Dismiss. The Opinion states merely that "Wickham relayed the statement to a detective in the Tyler Police Department in 1991," and that "Wickham finally wrote out a formal statement at the behest of the District Attorney's Office only six to eight of [sic] months before the second trial[.]" The Court of Criminal Appeals identified no wrongdoing by Liptak,[37] and, in fact confirms that Wickham wrote his statement "at the behest of the District Attorney's Office," *not* Liptak.

---

[36] To the extent Plaintiff's Complaint is meant to refer to some other "false document," it is vague, conclusory, not sufficiently pled, and the claim against Liptak must therefore be dismissed.

[37] The 106-page Opinion does not ever mention Eric Liptak.

Further, the record in this case contains a Stipulation of Evidence sworn to by Cook himself, stipulating to Wickham's testimony of having "a conversation with Cook in which Cook stated that he had killed her and 'don't give a shit what they, (the jury), do to me[.]'" Dkt. 60-6, p.5; Dkt.121-1, p.33-34. Plaintiff cannot show that Liptak has violated a clearly established right where Plaintiff himself has explicitly stipulated under oath to the statements at issue.

Plaintiff cannot show that Liptak's vaguely alleged act of working with Wickham to reduce his trial testimony to writing violated a clearly established right in 1991. The Order's identification of a "right to be free from false or fabricated evidence" is defined at too high a level of generality,[38] and is, in fact, inapplicable under these facts, where the only allegedly fabricated evidence is the reduction of Wickham's trial testimony to affidavit form in preparation of trial, which is covered by absolute immunity.

### c) Clark is entitled to qualified immunity.

Regarding Clark, the Order found that Plaintiff alleged: (1) that Clark "left out James Mayfield's name and every aspect of Rudolph's description of the person she saw" from a June 13, 1977 Police Report regarding his interview of Paula Rudolph; and, (2) that Collard's opinion that Cook's fingerprints were left at the time of the murder was in an August 4, 1977 affidavit for an arrest warrant for Cook which was executed by Clark. Clark is entitled to qualified immunity.

### (1) Alleged June 13, 1977 Report.

Plaintiff cannot show that Clark's alleged failure to include Mayfield's name and physical description from his report was malicious, let alone malicious toward Plaintiff. The report alleged to have been made on June 13, 1977 would have preceded any knowledge of Plaintiff, who did not

---

[38] *Ballentine v. Broxton Grievance Dep't Vicki Cundiff,* No. 24-50876, -- F.4th --, 2025 WL 2648348, *3 (5th Cir. Sept. 16, 2025) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)); *see also Kisela v. Hughes*, 584 U.S. 100, 104 (2018).

become a known suspect until August of 1977, when it was learned that the fingerprint on the sliding patio door matched Cook.

Plaintiff cannot show that the allegedly insufficient reporting violated his rights. By June 13, 1977, Rudolph had already given and executed a witness statement dated June 10, 1977. *See* Dkt.164-2.[39] Her June 10, 1977 statement adequately set forth the description of the person she saw, so any imprecision in a later report by Clark is of no consequence and is not a violation of a constitutional right. The 106-page Opinion provides a necessary clarification. The Court of Criminal Appeals clarifies that in Clark's June 13, 1977 report, he noted that Paula "thought it was Linda's boyfriend and continued on to her room." *Id.*, p.59, n.128. It was never disputed that Mayfield was "Linda's boyfriend." *See e.g.*, Dkt. 122, ¶¶46, 74 (Plaintiff referring to Mayfield as "Edwards' ex-boyfriend"). The Court of Criminal Appeals made no suggestion, let alone any finding, that Clark violated Plaintiff's rights or was the source of any due process violation or malicious prosecution. At most, Plaintiff's Complaint infers that Clark was imprecise or negligent in his reporting. Negligence does not rise to the level of a constitutional violation.[40]

It cannot be argued that Rudolph's testimony about the person she saw was concealed, suppressed, or destroyed, let alone by Clark.[41] Rather, Rudolph freely testified multiple times about the man she saw, and the Texas Court of Criminal Appeals confirmed she has been truthful. *See,*

---

[39] The Order correctly does not identify the Complaint's conclusory assertion that "Police Defendants…coerced Rudolph into signing a statement saying she 'assumed' the person she was Mayfield," as a well pled allegation, because it is not a well pled allegation. Plaintiff alleged no action of coercion by Clark or any other so-called Police Defendant.

[40] *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999); *see also*, *Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("Allegations of negligence or innocent mistake are insufficient.")

[41] Evidence is not concealed if the defendant "knows or should know the essential facts that would enable him to take advantage of it. The government is not required, in other words, to facilitate the compilation of exculpatory material that, with some industry, defense counsel should marshal on their own." *Villegas v. City of El Paso*, No. EP-15-CV-00386-DCG, 2025 WL 2502505, at *17 (W.D. Tex. Aug. 22, 2025) (quoting *United States v. Runyan*, 290 F.3d 223, 246 (5th Cir. 2002) (internal quotation omitted))

*e.g.*, Dkt. 121-1, p.59, p.66, n.147 ("We do not suggest in any way that Paula Rudolph is or has been less than truthful to the best of her ability in any way.").

Also, Plaintiff himself swore to a stipulation confirming Rudolph's testimony identifying him. Dkt. 60-6, p.5. Specifically, before being found guilty in 1999, Cook stipulated under oath that Paula Rudolph would testify "she returned home late June 9, 1977 or early June 10, 1977," "saw a person she identified as Kerry Cook inside the apartment," and that "the person she saw was not wearing glasses and Jim Mayfield wore glasses[.]" *Id.* Plaintiff should be estopped from pursuing this baseless theory against Clark.

For purposes of the second prong of qualified immunity, the Court identifies a "right to be free from false or fabricated evidence." Dkt. 184, p.12 (citing *Brown v. Miller*, 519 F.3d 231, 237 (5th Cir. 2008) (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). The Court should reconsider its Order, because this right is defined at too high a level of generality, and does not apply to the facts of this case, especially as clarified by relevant portions of the 106-page Opinion, and the judicial records of which this Court should take judicial notice.[42] Also, *Napue* states the false evidence must be "known," and Plaintiff has not alleged facts establishing this element of acting knowingly.[43] Plaintiff cannot show that Supreme Court precedent would have put Clark on notice that at the time he drafted his police report that allegedly inadequately described Rudolph's description of the man she saw, when she had already reported a full description elsewhere, would violate Plaintiff's constitutional rights. Clark is entitled to qualified immunity.

(2) <b><i>August 4, 1977 Affidavit.</i></b>

---

[42] *Ballentine,* 2025 WL 2648348, *3; *Kisela*, 584 U.S. at 104.
[43] *Napue*, 360 U.S. at 269 ("A conviction obtained through use of false evidence, *known* to be such by representatives of the State, must fall under the Fourteenth Amendment.") (emphasis added)

The Order indicates that the Complaint's allegation that Clark included Collard's opinion that Cook's fingerprints were left at the time of the murder in an August 4, 1977 affidavit for an arrest warrant for Cook overcomes the group pleading bar.[44] Even assuming that it overcomes the group pleading bar, it does not, however, overcome Clark's entitlement to qualified immunity.

A probable cause affidavit is presumed valid.[45] A plaintiff must offer tangible proof to overcome the presumption of validity with respect to an affidavit supporting an arrest warrant.[46]

The Court should take judicial notice of the affidavit on which the Complaint relies, which is in this Court's record at Dkt. 164-1. The affidavit accurately recounted that "Sgt. Collard stated to Affiant that in his **opinion** the latent fingerprints were eight to twelve hours old at the time he lifted them which was at 9:00 a.m. on June 10, 1977." *Id.* (emphasis added). On the face of the affidavit, Clark did not swear to the fingerprints' age, but only to Collard stating *his opinion* about their age. The Complaint does not allege any well pled facts of Clark himself fabricating this opinion.[47] While Sgt. Collard later admitted that his opinion could not be supported by any scientific evidence, the dissent from the Texas Court of Criminal Appeals 1996 opinion confirms:

> Nevertheless, Collard testified at the writ hearing that it was his personal opinion based on experience that the prints had been made six to twelve hours before the murder. And he said that after fifteen years, his experience led him to the same conclusion, "only more so." The jury was misled about a serious matter, namely, the lack of a scientific basis for Collard's opinion. **But Collard's opinion always was and still is that the prints were six to twelve hours old**.[48]

---

[44] Defendant notes that the Order does not identify Plaintiff's allegation that Clark omitted Paula Rudolph's statement about identifying James Mayfield [see Dkt. 122, ¶159] as a well pled allegation.

[45] *Terwilliger*, 4 F.4th at 282.

[46] *Id.* (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. [T]he challenger's attack must be more than conclusory … There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.")).

[47] The 106-page Opinion indicates that Collard was pressured to testify on his opinion by the prosecutor, not Defendant Clark. Dkt. 121-1, p.27.

[48] *Cook v. State*, 940 S.W.2d 623, 644 (Tex. Crim. App. 1996) (dissent) (emphasis added).

Plaintiff's Complaint alleges no facts to overcome the fact that Clark's inclusion of *Collard's opinion* was not a false or fabricated claim by Clark.

Plaintiff does not allege facts to establish a deliberate falsehood or a reckless disregard for the truth. Collard's later admission that his opinion lacks a basis in provable scientific fact does not render it false, and even if it did, it does not render false Clark's statement that it was Collard's opinion. Plaintiff alleges no facts to establish that Clark had any knowledge that Collard was lying. Clark is entitled to qualified immunity.

### (a)     Right not clearly established.

Plaintiff cannot identify Supreme Court precedent existing at the time that would have put Clark on notice that his alleged action would subject him to §1983 liability for violating a clearly established right. The Order relies on the following from *Brown*: (1) that "the right of criminal defendants to be free from false or fabricated evidence was well settled by 1959 or earlier." *Id.*, (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)); and (2) that it is a fundamental concept that "those charged with upholding the law are prohibited from deliberately fabricating evidence." *Id.*, (quoting *Limone v. Condon*, 372 F.3d 39, 44-45 (1st Cir. 2004)). The court in *Brown* concluded that "the deliberate or knowing creation of a misleading and scientifically inaccurate serology report amounts to a violation of a defendant's due process rights, and that a reasonable laboratory technician in 1984 would have understood that those actions violated those rights." 519 F.3d 231, 237 (5th Cir. 2008). A right to be free from false or fabricated evidence, is described at too high a level of generality.[49] Also, *Napue* concerns a prosecutor soliciting testimony during a criminal trial from a witness that the prosecutor knew to be false, and failing to correct it (answering in the negative when asked whether he, the prosecutor, promised the witness consideration in return for

---

[49] *Ballentine*, 2025 WL 2648348, *3; *Kisela*, 584 U.S. at 104.

his testimony). This is in no way similar to any alleged act of Clark. *Napue* and *Luna v. Beto* are also inapplicable because they only speak about a constitutional violation in the context of a criminal case, and not a §1983 claim for damages. The Supreme Court and the Fifth Circuit have both emphasized that §1983 does *not* provide a remedy for all constitutional violations.[50]

Once an independent intermediary issues a warrant after being presented with an officer's probable cause affidavit, it is presumed that probable cause for the arrest existed. In this case, Plaintiff was arrested pursuant to a warrant issued by a judge – an independent intermediary. In such cases, civil courts would not subject an officer's underlying probable cause affidavit to scrutiny because of the independent intermediary doctrine. Generally, the issuance of an arrest warrant breaks the chain of causation.[51] *Hand* provided the general proposition that an officer is to present all the facts when presenting an arrest warrant affidavit; however, the Supreme Court did not conclude that an officer that did not do so could be subject to liability under §1983 for a constitutional tort. That is, prior to 1978, it was not clearly established that an officer could be subject to §1983 liability for lying in a probable cause affidavit. This changed with *Franks v. Delaware*. Under *Franks*, a violation of the Fourth Amendment occurs when an officer knowingly, intentionally, or with reckless disregard for the truth makes false statements in an affidavit in support of a warrant.[52]

In their Motion to Dismiss, Defendants attempted to anticipate Plaintiff seeking an exception to the independent intermediary doctrine pursuant to *Franks*. The Court, however, found, and Plaintiff argued, that Plaintiff was not pursuing relief under *Franks*. Since that is the case, Plaintiff's

---

[50] *Wilson*, 116 F.4th at 403-4 (citing *Heck*, 512 U.S. at 490, n.10; *Spencer*, 523 U.S. at 17, 118 S.Ct. 978 ("This is a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available.") (emphasis in original).
[51] *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994).
[52] 428 U.S. 154, 155-56 (1978)

claim based on Clark's affidavit should be dismissed, because *Franks* provides the only applicable exception to allow the Plaintiff to bring a claim for damages under §1983 for an alleged falsehood contained in Clark's August 4, 1977 affidavit. Without an exception to undermine the independent intermediary's finding of probable cause, the claim fails. *Franks* was decided after the affidavit was executed. Since it was not even arguably clearly established that an officer could be subject to §1983 liability for including a falsehood in the probable cause affidavit until *Franks*, Clark is entitled to qualified immunity. Moreover, *Franks* is inapplicable since the fact that Collard stated *his opinion* was not a falsehood, let alone a false statement of material fact made with reckless disregard for the truth.

### F. Clark, Liptak, and Hayden Are Entitled to Qualified Immunity from Plaintiff's Destruction of Evidence Claim.

The Court should reconsider and revise its Order to conclude that Clark, Liptak, and Hayden are entitled to qualified immunity from Plaintiff's destruction of evidence claim. For this claim, Plaintiff alleges that "one or more of the Police Defendants destroyed evidence that Plaintiff could have used to further prove his innocence." Dkt. 122, ¶201.

A Due Process Clause claim for destruction of evidence (or failure to preserve evidence) requires a showing that evidence was destroyed and that the government official acted in bad faith.[53] Plaintiff must allege facts which establish intentional misconduct—an allegation of awareness of the content of the destroyed material alone is not enough.[54]

---

[53] *Armstrong*, 60 F.4th at 273 (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (holding that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"); *United States v. Gibson*, 963 F.2d 708, 711 (5th Cir. 1992) ("The destruction of evidence alone does not constitute a due process violation; the defendant must also show bad faith on the part of the government officials.").

[54] *United States v. Lazar*, No. 1:20-CR-78(3), 2024 WL 1329908, at *4 (E.D. Tex. Mar. 26, 2024) (citing *United States v. Thomas*, No. 22-60271, 2023 WL 1991573, at *1 (5th Cir. Feb. 14, 2023)).

Plaintiff's sparse allegations against Clark, Liptak, and Hayden fail to allege enough factual detail to allow the Court to reasonably infer satisfaction of each element of his destruction of evidence claim.[55] The Order did not identify any well pled allegation of Clark, Liptak, or Hayden committing an act to destroy evidence, let alone deliberately and with bad faith.

At most, the Order found that Plaintiff pled that Clark was incomplete in his report regarding Rudolph's description of the man she saw. The Order did not find that Clark destroyed any evidence. As set forth, *supra*, Rudolph's testimony was never suppressed or destroyed, and, at most, Plaintiff's Complaint infers that Clark was imprecise or negligent in his reporting, which does not amount to a constitutional violation.[56]

The Order did not identify any alleged facts in Plaintiff's Complaint to explain how any evidence was destroyed or fabricated, how it implicated Plaintiff, or why he believes it to be destroyed or fabricated, or how the evidence (or lack thereof) was used against him.[57]

Plaintiff does not allege, and the Order did not find, facts to establish bad faith by Clark, Liptak, or Hayden in allegedly destroying evidence.[58] Thus, the claim lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[59]

Finally, Plaintiff did not identify any controlling Supreme Court case law that would have alerted Clark, Liptak, and Hayden that their alleged actions would render them liable under §1989³ for destruction of evidence. They are entitled to qualified immunity.

---

[55] *See e.g.*, *Reese v. Robertson*, No. 3:22-CV-01002-N-BT, 2023 WL 8720723, at *5 (N.D. Tex. Nov. 16, 2023), *report and recommendation adopted*, 2023 WL 8719452 (N.D. Tex. Dec. 15, 2023)
[56] *Franks*, 438 U.S. at 171.
[57] *Armstrong*, 60 F.4th at 272.
[58] *See Lazar*, 2024 WL 1329908, at *4 (A finding of bad faith is required for spoliation and *Youngblood* claims (the destruction of, or failure to preserve, evidence in violation of due process), and bad faith based is not shown merely on an assertion that the government actor was aware of the alleged exculpatory value of the destroyed evidence)
[59] *Iqbal*, 556 U.S. at 677, 129 S. Ct. at 1949.

### G. Clark, Liptak, and Hayden Are Entitled to Qualified Immunity from Plaintiff's Due Process Claim.

Clark, Liptak, and Hayden are entitled to qualified immunity from Plaintiff's due process claim based on concealment and fabrication of evidence. Dkt. 122, ¶¶178-182.[60] "A police officer violates *Brady* when they deliberately conceal evidence from the prosecution."[61] To hold a police officer liable for violating their *Brady* obligation, a plaintiff must show that: (1) the police officer deliberately concealed evidence from the prosecution; (2) the evidence was favorable exculpatory or impeachment evidence; and (3) the evidence was material."[62] "[F]or a plaintiff suing under § 1983 to establish a fabrication of evidence claim against a defendant officer, they must show that (i) the defendant manufactured false evidence against them, (ii) the defendant knew the evidence was false, and (iii) the evidence ultimately helped deprive the plaintiff of their liberty.[63]

#### 1. Clark is entitled to qualified immunity.

Plaintiff's claim based on Clark's June 13, 1977 report allegedly leaving out Mayfield's name and Rudolph's description was not a due process violation. Plaintiff alleges no facts of Clark leaving this information out deliberately, and the information left out was not materially exculpatory as it was all information that was already available to Plaintiff in the June 10, 1977 Rudolph signed statement, and Rudolph's testimony. At most, not including this information was

---

[60] The Order effectively granted the Motion to Dismiss Plaintiff's claim under the Fifth Amendment, stating "To the extent the citation to the Fifth Amendment is improper, the Court finds that it does not justify dismissing the entire Count." Dkt. 184, pp.19-20. Only a Fourteenth Amendment claim remains.

[61] *Villegas v. City of El Paso*, No. EP-15-CV-00386-DCG, 2025 WL 2502505, at *17-18 (W.D. Tex. Aug. 22, 2025) (compiling cases).

[62] *Id.* at *18 (citing *Hernandez v. City of El Paso*, 662 F. Supp. 2d 596, 617 (W.D. Tex. 2009)).

[63] *Id.* at *8 (citing *Castellano v. Fragozo*, 352 F.3d 939, 955 (5th Cir. 2003); *see also United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997) (quoting *Napue*, 360 U.S. at 269) ("A conviction obtained through use of false evidence, *known* to be such by representatives of the State, must fall under the Fourteenth Amendment.") (emphasis added in *Villegas*)); *Cole v. Hunter*, 497 F. Supp. 3d 172, 190 (N.D. Tex. 2020) ("due process right not to have police *deliberately* fabricate evidence and use it to frame and bring false charges against a person.") (emphasis added).

negligence.[64] Plaintiff's fabrication claim based on the August 4, 1977 affidavit including Collard's opinion fails, because Clark did not fabricate evidence, but rather included Collard's opinion. Plaintiff did not allege facts to establish that Clark knew Collard's opinion was false. For these reasons, and those shown *supra*, Clark is entitled to qualified immunity.

### 2.   Liptak is entitled to qualified immunity.

Plaintiff's claim against Liptak for allegedly "working with" Wickham to develop Wickham's affidavit does not amount to a due process violation. Plaintiff alleged no facts of Liptak manufacturing false evidence. Wickham's testimony was his own. Plaintiff also alleged no facts showing that Liptak knew Wickham's affidavit was false. For these and all of the same reasons Liptak is entitled to qualified immunity from Plaintiff's malicious prosecution claim, he is also entitled to qualified immunity from Plaintiff's due process claim.

### 3.   Hayden is entitled to qualified immunity.

With regard to Hayden, Plaintiff does not allege that he fabricated or solicited false evidence. Plaintiff only alleges that Hayden concealed his report regarding Louella Mayfield. Hayden is entitled to qualified immunity, first, because Plaintiff alleges no facts of Hayden committing any act to conceal his report, let alone any facts of doing so deliberately. Second, courts in this case have already determined that the original prosecutors (not Hayden himself) did not turn over Hayden's report regarding Louella Mayfield.[65] In light of the record of this case of

---

[64] "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Widner v. Aguilar,* 2010 WL 4269222, *1 (5th Cir.2010).

[65] *See Cook v. State*, 940 S.W.2d 623, 625–26 (Tex. Crim. App. 1996) ("The district attorney did not reveal this information to appellant until 1991"); *Id.* at 631 ("The district courts found that the State, though in possession of this information and despite discovery dating to 1977, did not disclose this exculpatory evidence to appellant until 1991…district courts concluded that the State's conduct constituted prosecutorial misconduct."); *see also* Dkt.146-1 at p.3 (*State of Texas v. Kerry Max Cook*, Cause No. 92-2506-C, Jan. 29, 1993 Findings of Fact and Conclusions of Law at page 6, ¶¶2-3 ["This information was initially gained by Sgt. Hayden who reported the same to Sgt. Eddie Clark…Sgt. Clark passed this information along to either A.D. Clark III, the District Attorney, or to Mike Thompson, the Assistant District Attorney who was the lead prosecutor in the case. By so doing, Sgt. Clark fulfilled his duty and had no further responsibility to see that the information reached the defense attorneys."]).

which the Court should take judicial notice, Plaintiff has failed to allege facts amounting to a due process violation by Hayden. Hayden fulfilled is obligations as the report was turned over to the prosecution.[66] Third, Plaintiff cannot show that Hayden would have been on notice that his act of reporting his findings about Louella Mayfield to lead investigator Eddie Clark who then passed along the information to the prosecutors constituted a violation of Plaintiff's clearly established due process rights. Hayden is entitled to qualified immunity.

Defendants are also entitled to qualified immunity from the due process claim because Plaintiff cannot meet his burden of showing Supreme Court precedent putting Clark, Liptak, and Hayden on notice that their alleged acts would subject them to §1983 liability.

## H.     Clark, Liptak, and Hayden Are Entitled to Qualified Immunity from Plaintiff's Illegal Detention Claim.

The Court should reconsider and reverse its Order and find that Clark, Liptak, and Hayden are entitled to qualified immunity from Plaintiff's illegal detention claim.[67] The Order did not explicitly address whether Plaintiff had alleged sufficient facts of a §1983 illegal detention claim, and did not identify specific actions taken by Clark, Liptak, or Hayden to illegally detain Plaintiff.

The Fourth Amendment protects against unreasonable searches and seizures and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The general rule is that "Fourth Amendment seizures are 'reasonable' only if based on probable cause."[68] Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the

---

[66] See e.g., *Washington v. Prator*, No. 08-CV-1198, 2011 WL 230988, at *4 (W.D. La. Jan. 21, 2011)
[67] *See* Dkt. 122, ¶188 As pled, this is essentially a malicious prosecution claim, and the Order appeared to treat it as such; however, in so doing, the Order entirely failed to consider whether the Complaint actually alleged an illegal detention claim against Clark, Liptak, or Hayden. Since it did not, the Court should dismiss this claim.
[68] *Dunaway v. New York*, 442 U.S. 200, 213 (1979).

suspect had committed or was committing an offense."[69] The officer's belief that probable cause is present must be objectively reasonable; it is irrelevant what his subjective beliefs were.[70]

Plaintiff does not allege that Hayden was involved in Plaintiff's arrest. Plaintiff only alleges that Hayden wrote and concealed a report containing allegedly exculpatory information (as shown *supra*, it has been established by the Texas Court of Criminal Appeals that he did not conceal). Plaintiff does not allege any act of Hayden to detain Plaintiff, let alone without probable cause. Hayden is entitled to qualified immunity from Plaintiff's illegal detention claim.

Plaintiff does not allege that Liptak was involved in Plaintiff's arrest. Plaintiff only alleges that he "worked with" Wickham to prepare an allegedly false affidavit in anticipation of Wickham's trial testimony in 1991. Plaintiff does not allege any act of Liptak to detain Plaintiff, let alone without probable cause. Liptak is entitled to qualified immunity.

Plaintiff alleges that Clark swore out the August 4, 1977 affidavit to arrest Plaintiff. Plaintiff, however, failed to allege facts that Clark lacked probable cause at the time. In this case, Plaintiff was arrested pursuant to a warrant, so the independent intermediary doctrine settles that probable cause existed, absent a showing of an exception, such as a *Franks* claim. The Order already concluded that *Franks* does not apply in this case, so Defendants are entitled to qualified immunity from this claim. For these reasons, and for the reasons Clark is entitled to qualified immunity from Plaintiff's other claims as shown *supra*, Clark is entitled to qualified immunity from Plaintiff's illegal detention claim.

Also, Plaintiff cannot satisfy the second prong by showing that existing Supreme Court precedent would have put Clark, Liptak, and Hayden on notice that their respective alleged actions would subject them to §1983 liability for illegal detention.

---

[69] *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996).
[70] *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

# I.  Clark, Liptak, and Hayden Are Entitled to Qualified Immunity from Plaintiff's Conspiracy Claim.

The Court should reconsider its Order denying Clark, Hayden, and Liptak's motion to dismiss Plaintiff's conspiracy claim. The Supreme Court has characterized civil conspiracy as a means for establishing vicarious liability.[71] For a §1983 conspiracy claim, a plaintiff must plead and establish five elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result."[72]  To prove a conspiracy under 42 U.S.C. §1983, a plaintiff must show: (1) an agreement between private and public defendants to commit an illegal act, and (2) an actual deprivation of constitutional rights.[73] "[T]he plaintiff must allege facts that suggest an agreement between the defendants to commit an illegal act and an actual deprivation of constitutional rights."[74] "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. §1983.[75]  A plaintiff must plead the "operative facts" showing an illegal agreement; "bald allegations" of an agreement do not suffice.[76] The plaintiff "must identify an illegal objective of the agreement among [the alleged conspirators]."[77] To move a claim from mere speculation to plausibility, a plaintiff must

---

[71] *Beck v. Prupis*, 529 U.S. 494, 503 (2000); *E.G. by Gonzalez v. Bond*, No. 1:16-CV-0068-BL, 2017 WL 3493124, at *10 (N.D. Tex. June 29, 2017), *report and recommendation adopted*, 2017 WL 3491853 (N.D. Tex. Aug. 14, 2017).

[72] *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)).

[73] *Latiolais v. Cravins*, 484 Fed. App'x 983, 991 (5th Cir. 2012) (quoting *Cinel*, 15 F.3d at 1343).

[74] *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); *accord Avdeef v. Royal Bank of Scotland, PLC*, No. 4:13-CV-967-O, 2014 WL 4055369, at *3 (N.D. Tex. Aug. 15, 2014), *aff'd*, 616 Fed. App'x 665 (5th Cir. 2015);

[75] *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *Arsenaux*, 726 F.2d at 1024; *accord Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (same); *see also E.G. by Gonzalez*, 2017 WL 3493124, at *9; *Avdeef*, 2014 WL 4055369, at *3.

[76] *Cooper v. City of Plano*, No. 4:10-CV-689, 2011 WL 4344303, at *5 (E.D. Tex. Aug. 19, 2011), *report and recommendation adopted*, No. 4:10-CV-689, 2011 WL 4344243 (E.D. Tex. Sept. 14, 2011) (*Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987)).

[77] *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir.1999) (citation omitted).

make "specific factual contentions regarding the nature of the conspiracy or the participants' roles in the same."[78] A conspiracy claim is not actionable without an actual violation of section 1983."[79]

Since Clark, Liptak, and Hayden are entitled to qualified immunity from the underlying claims, the conspiracy claim also fails.[80] Also, Plaintiff alleges no facts sufficient to meet the elements of a conspiracy claim against them. Plaintiff does not allege factual contentions of the nature of the conspiracy, of their role in it, or of "operative facts" of an illegal agreement.

In addressing the conspiracy claim, the Order refers to portions of Plaintiff's Complaint that are conclusory assertions and that constitute improper group pleadings. Dkt. 184 ,p.19 (*citing* Dkt. 122, ¶¶ 118, 125-27). Conclusory allegations of conspiracy without specific facts showing an agreement are insufficient.[81] The Court has already determined that such group pleading does not overcome the defense of qualified immunity. The Court should reconsider its Order to be consistent with its decision on improper group pleadings.

Neither the Complaint nor the Order specifies an alleged act of Clark or Hayden in furtherance of a conspiracy, so they are entitled to qualified immunity. As for Liptak, he allegedly "worked with" Wickham to create his affidavit in anticipation of trial testimony. Dkt. 184, p.19. This does not support a conspiracy claim against Liptak. For one, as shown herein, Plaintiff failed to allege facts sufficient to state a constitutional violation. Mere allegations of "working together" are not enough to show a meeting of the minds to commit an illegal act.

---

[78] *Avdeef.*, 616 Fed. App'x at 675; *see also McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) ("mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy."); *Powell v. Martinez*, 579 F. App'x 250, 252 (5th Cir. 2014) (per curiam); *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam) (same); *Aguocha-Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x 312, 315 (5th Cir. 2018) (per curiam).
[79] *Latiolais*, 484 Fed. App'x at 989 (citing *Hale v. Townley,* 45 F.3d 914, 920 (5th Cir. 1995)).
[80] *Mowbray v. Cameron County*, 274 F.3d 269, 279 (5th Cir. 2001) (If all the "acts fall under qualified immunity, there can be no § 1983 conspiracy claim.")
[81] *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)

To the extent Plaintiff's conspiracy claim is based on police officer cooperation with a prosecutor, Plaintiff has not shown that that, without more, creates a conspiracy. For instance, in *Terwilliger*, the Fifth Circuit determined that conclusory allegations that the district attorney, police officials, and detectives conspired and acted in concert to violate the plaintiffs' constitutional rights by carrying out arrests without probable cause was insufficient to adequately allege the existence of an agreement to violate the arrestee plaintiffs' constitutional rights, in order to state a viable conspiracy claim.[82] The plaintiffs did not allege facts of an agreement to commit an illegal act, so the claim was dismissed.[83] The Court here should follow the Fifth Circuit's decision in *Terwilliger*. Plaintiff cannot identify controlling Supreme Court precedent showing that it was clearly established that communication or routine case coordination between the prosecutors and police officers rises to the level of a conspiracy.

Furthermore, Plaintiff did not meet his burden of identifying Supreme Court precedent that any alleged acts of Clark, Hayden, and Liptak violated a clearly established right to be free from conspiracy so as to meet his burden under the second prong of qualified immunity.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Eddie Clark, Eric Liptak, and Gerald Hayden pray that the Court grant this motion, reconsider and revise its Order, and grant that all Plaintiff's causes of action against them be dismissed, with prejudice to the refiling of same; and for such other and further relief, both general and special, at law or in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

/s/ *Thomas P. Brandt*
**THOMAS P. BRANDT**

---

[82] *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021).
[83] *Id.*

State Bar No. 02883500
tbrandt@thompsoncoe.com
**JOHN D. HUSTED**
State Bar No. 24059988
jhusted@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas, 700 N. Pearl Street,
Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: 214-871-8200
Fax: 214-871-8209

**ATTORNEYS FOR DEFENDANTS
CITY OF TYLER, EDDIE CLARK, ERIC LIPTAK,
ROBERT BOND, GERALD HAYDEN, NELSON
DOWNING, KENNETH FINDLEY, RONALD SCOTT,
AND FRED MAYO (DECEASED)**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served

to all parties of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on the

18th day of September, 2025.

*/s/ Thomas P. Brandt*
**THOMAS P. BRANDT**