IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KERRY MAX COOK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:17-cv-333-JDK |
| § | |
| CITY OF TYLER, TEXAS, et al., § | |
| § | |
| Defendants. § | |

**ORDER STRIKING FILINGS**

Before the Court is Defendant Marvin T. McLeroy's answer and Certificate of Interested Persons (Docket Nos. 188; 189) and response (Docket No. 191) to the Court's order to show cause (Docket No. 190).  On September 5, 2025, the Court ordered counsel for Defendant to file a statement explaining whether Defendant is deceased and, if so, why counsel should not be sanctioned under Federal Rule of Civil Procedure 11 for filing pleadings on behalf of a person who is deceased.  *Id*. at 2.

Counsel filed a suggestion of death on the record as to Defendant Marvin T. McLeroy (Docket No. 192) and a response to the show cause order (Docket No. 191). Therein, counsel admitted to mistakenly filing pleadings on behalf of a deceased client, but averred that it was a mistake made without knowledge of his client's death, nor with any intent to deceive.  *Id*. at 11.  Counsel argued he should not be subject to sanctions, and moved the Court to exercise its authority under Federal Rule of Civil Procedure 12(f) to strike the appropriate documents from the docket.  *Id*. at 10–12; *see also* FED. R. CIV. P. 12(f) ("The court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on its own[.]").

Having considered the arguments of counsel, it is the opinion of the Court that counsel should not be sanctioned. Counsel is nevertheless admonished to ensure that all pleadings and filings are true and accurate to the best of counsel's knowledge. The failure of counsel to do so with respect to the answer and Certificate of Interested Persons is inexplicable—especially where both filings represent themselves to be statements made personally on behalf of Defendant. Candor with the Court is paramount, and anything short of full candor—even when it's the result of haste and carelessness—will not be tolerated.

Pursuant to Rule 12(f), Defendant Marvin T. McLeroy's answer and Certificate of Interested Persons (Docket Nos. 188; 189) are hereby **STRUCK** from the docket.

So **ORDERED** and **SIGNED** this **23rd** day of **September, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE