# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS, TYLER DIVISION

| | |
|---|---|
| KERRY MAX COOK, | ) |
| Plaintiff, | ) Case No. 6:17-cv-333-JDK |
| v. | ) Hon. Jeremy D. Kernodle |
| CITY OF TYLER et al., | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO RECONSIDER

The Court should strike the motion to reconsider its order denying dismissal of Plaintiff's claims against Defendants Eddie Clark, Eric Liptak, and Gerald Hayden. ECF No. 201. Defendants cite the wrong legal standard; the motion exceeds the allowable page limit by 15 pages; and the brief does not appear to raise any argument that would meet the correct standard even if the Court were to consider it.

## ARGUMENT

### I. Rule 59 Does Not Apply

The Court should strike Defendants' motion because there's been no final judgment in this case. Defendants seek relief under Federal Rule of Civil Procedure 59(e). ECF No. 201 at 4–5 (discussing "The Standard for Motions to Reconsider" and arguing "Rule 59(e) governs") (internal quotation marks and citation omitted). Defendants do not cite the actual rule, only case law discussing the rule. *Id*. at 4 n.3. As the text of the provision explains, Rule 59 applies to motions for relief from a *judgment*, such as a trial verdict or award of summary judgment. Because there has been no judgment awarded to Plaintiff in this case, Rule 59(e) does not apply.

## II. Defendants' Motion Is Twice the Allowable Length

The Court should also strike Defendnats' motion because it's 15 pages too long. Local Rule CV-7(a)(2) instructs that non-dispositive motions shall not exceed 15 pages without the Court's permission. This includes motions under Rule 59. Local Rule CV-7(a)(2). Defendants' motion is 30 pages and contains 83 footnotes with case citations and argument. ECF No. 201.

The length of Defendants' motion is particularly vexing because the substance is exceedingly difficult to follow. The argument, which appears to begin on page 5, is divided into sections with subheadings C through I, but numerous arguments are repeated under different subheadings. For example, section C seems to argue the Court failed identify sufficient factual allegations to state a claim under Counts I, II, IV, and V (*id*. at 8); but that argument is repeated in section E.2. (*id*. at 11–18) and in sections F through I (*id*. at 22-30). Likewise, Defendants appear to argue under both subsection E.2.(c)(1) and subsection E.2.(c)(2)(a) that the right at issue in Count II was not clearly established at the relevant time. *Compare* ECF No. 201 at 18 and 20. Plaintiff's challenge in parsing Defendants' arguments and responding to them should not be amplified by allowing Defendants to help themselves to double the allowed brief length, without leave of court. Defendants should confine their argument for reconsideration to 15 pages so that Plaintiff can reasonably respond. Local Rule CV-7(a)(2).

## III. The Motion Does Not Meet the Reconsideration Standard

The Court should also strike Defendants' motion because even under the most charitable interpretation, their arguments don't meet the standard for reconsideration. Presumably, Defendants intended their motion as a request for relief from an order under Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes the court to relieve a party from an order because of

a clerical mistake, newly discovered evidence, fraud/misconduct of the opposing party, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The only prong of Rule 60(b) Defendants' arguments could conceivably fall under is the catchall provision in subsection (6). Fed. R. Civ. P. 60(b)(6) ("the court may relieve a party. . . from a[n] . . . order . . . for . . . any other reason that justifies relief."). "Relief under this 'catch-all' provision, however, is available 'only if extraordinary circumstances are present.'" *Smith v. City of Princeton Texas*, No. 417-CV-00085, 2020 WL 4275271, at *3 (E.D. Tex. July 1, 2020), *report and recommendation adopted sub nom. Smith v. City of Princeton*, No. 4:17-CV-85, 2020 WL 4261788 (E.D. Tex. July 24, 2020) (quoting *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)). "Importantly, parties cannot pursue motions under Rule 59(e) or Rule 60(b) merely to advance their disagreement with the Court's analysis in an effort to relitigate issues the Court previously resolved against them." *Doe v. Keller Indep. Sch. Dist.*, No. 4:21-CV-01094-O, 2023 WL 2711629, at *2 (N.D. Tex. Mar. 30, 2023) (citing *Assariathu v. Lone Star HMA LP*, No. 3:11-cv-99-O, 2012 WL 12897342, at *3 (N.D. Tex. June 5, 2012) ("Plaintiffs are essentially attempting to relitigate issues previously resolved against them by advancing their disagreement with the Court's analysis. Such arguments are insufficient to warrant granting the extraordinary relief available under Rule 59(e) or 60(b).")).

Defendants' arguments plainly don't meet the standard for reconsideration under Rule 60(b)(6). They do not identify any legal or factual arguments they raised in their motion to dismiss brief that the Court somehow missed the first time. Rather, the Court's detailed order on the parties' motions to dismiss already addresses all the issues Defendants raise in their motion to reconsider. *See, e.g.,* ECF No. 184 at 9–11 (discussing the factual allegations against Clark, Liptak, and Hayden that plausibly plead their personal involvement in the alleged constitutional

violations, satisfying Rule 12(b)(6) and overcoming the qualified immunity challenge); *id.* at 11–15 (discussing whether the constitutional rights at issue in Counts I, II, IV, and V were clearly established at the relevant time); *cf. id.* at 20–21 (considering on statute of limitations grounds whether malicious prosecution is indeed Plaintiff's only viable claim against Defendants); *see also Doe*, 2023 WL 2711629, at *5 ("Since Plaintiff has not pointed to any extraordinary circumstances, and since the Court has sufficiently addressed all the issues raised in Plaintiff's Motion earlier in its analysis, the Court finds no further allegations that warrant reconsideration under this section."). Though the brief is billed as a motion to fix errors in the Court's ruling, Defendants' voluminous motion for reconsideration merely rehashes arguments this Court already rejected.

What's more, the posture of this case undermines any notion that an extraordinary circumstance warrants reversal of the Court's order. By partially denying Defendants' motion to dismiss, the Court has only allowed the case to progress to discovery. There's been no judgement entered against them. They are still free to vigorously defend themselves against liability, including by reasserting their qualified immunity defense at summary judgment. In other words, all that has happened is that Defendants must now litigate this case on its merits. By comparison to the harms Plaintiff alleges gave rise to lawsuit, the "manifest injustice" Defendants claim they are suffering is illusory.

## **CONCLUSION**

For the above reasons, the Court should strike Clark, Liptak, and Hayden's motion to reconsider, and permit this case to advance into discovery against all remaining defendants. If, however, the Court is inclined to consider the motion to reconsider as filed, Plaintiff respectfully requests under Federal Rule of Civil Procedure 6(b)(1)(A) that his deadline to respond to the

4

motion be extended until 28 days after the Corut's ruling on this motion to strike, so that Plaintiff has sufficient time to address each issue raised in Defendants' brief.

Dated: September 30, 2025

Respectfully submitted,

**KERRY MAX COOK**

By: /s/ *Alison R. Leff*
  *One of Plaintiff's Attorneys*

Jon Loevy (Illinois Bar No. 6218254)
Mike Kanovitz (Illinois Bar No. 6275233)
Roshna Bala Keen (Illinois Bar No. 6284469)
Anand Swaminathan (Illinois Bar No. 6305088)
Alison R. Leff (Illinois Bar No. 6296422)
alison@loevy.com
LOEVY & LOEVY
311 N Aberdeen St, 3rd Fl
Chicago, IL 60607
(312) 243-5900 (phone)
(312) 243-5902 (fax)