# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **KERRY MAX COOK,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  6:17-CV-00333-JDK** |
| | § | |
| | § | |
| v. | § | |
| | § | |
| **CITY OF TYLER, TEXAS,   SMITH** | § | |
| **COUNTY, TEXAS, EDDIE CLARK, ERIC** | § | |
| **LIPTAK,   DOUGLAS   COLLARD,** | § | |
| **GERALD   HAYDEN,   RONNIE** | § | |
| **MALLOCH,   STUART   DOWELL,** | | |
| **ROBERT WICKHAM, JAKE MASSEY,** | | |
| **GENE CARLSON,  UNKNOWN TYLER** | | |
| **POLICE   OFFICERS,   UNKNOWN** | | |
| **SMITH   COUNTY   SHERIFF'S** | | |
| **DEPUTIES, ALICE OLIVER-PARROTT,** | | |
| **DEBRA  MCLEROY,  EXECUTOR  OF** | | |
| **MARVIN MCLEROY'S ESTATE;** | | |
| | | |
| **Defendants.** | | |

| | | |
|---|---|---|
| **KERRY MAX COOK,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  6:26-CV-00291-JCB** |
| | § | |
| v. | § | |
| | § | |
| | § | |
| **CITY OF TYLER,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## CONSOLIDATION ORDER

Plaintiff Kerry Max Cook filed the above-captioned civil actions on June 5, 2017, and June

17, 2026, respectively. In both cases, Plaintiff alleges that Defendants contributed to his wrongful

1

arrest, prosecution, and conviction for a crime that he did not commit that occurred in Tyler, Texas in 1977. (Case No. 6:17-cv-333-JDK-JDL, Doc. No. 1; Case No. 6:26-cv-291-JCB-JDL, Doc. No. 1.) Plaintiff's newly-filed case simply includes as Defendants the administrators of the estates of deceased Defendant officers, Ronald Scott Malloch and George Douglas Collard. *See* Case No. 6:26-cv-291-JCB-JDL, Doc. No. 1.

If two actions before the court "involve a common question of law or fact," the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed.R.Civ.P. 42(a). Local Rule CV-42(b) further provides that "[u]pon the assignment of related actions to two or more different judges with the district, the affected judges may, in their discretion, agree to assign the related actions to one judge." Here, both of Plaintiff's cases involve the same facts and claims and are unquestionably related.

Thus, it is **ORDERED** that Civil Action No. 6:26-cv-291 JCB-JDL is **CONSOLIDATED** into the first filed action, 6:17-cv-333-JDK. All future docket entries should be made in 6:17-cv-333 except for orders reflecting a final disposition. It is **FURTHER ORDERED** that the clerk of court shall reassign cause number 6:26-cv-291-JCB-JDL to Judge Kernodle pursuant to L.R.-CV 42(b).

**So ORDERED and SIGNED this 9th day of July, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2